# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1240

_____

| | | |
|---|---|---|
| Kenneth Ray Lee, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| Thomas J. Lyons & Associates, | * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the |
| | * | District of Minnesota. |
| v. | * | |
| | * | |
| First Lenders Insurance Services, Inc., | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: October 18, 2000

Filed: January 9, 2001

_____

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Nine automobile purchasers filed this suit as a putative class action against numerous defendants in July 1994. The complaint alleged violations of the Minnesota Retail Installment Sales Act, the Minnesota usury laws, the federal Truth in Lending Act, and RICO; breaches of warranty; common law fraud; and illegal insurance sales.

In August 1996, the district court granted summary judgment in favor of three defendants. Those defendants then moved for sanctions under 28 U.S.C. § 1927. The district court awarded $15,000 to each defendant against plaintiffs' counsel, Thomas J. Lyons & Associates ("Lyons"). Lyons appealed, and we remanded because the district court's rulings did not provide "an adequate basis for reviewing the determination that sanctions were warranted." Lee v. L.B. Sales, Inc., 177 F.3d 714, 719 (8th Cir. 1999). On remand, two defendants settled the sanctions issue. The district court[1] again imposed a $15,000 sanction in favor of the third defendant, First Lenders Insurance Services, Inc. ("First Lenders"), explaining the basis for its award under § 1927. Lyons again appeals. We affirm.

The suit was initially filed by attorneys Thomas J. Lyons, Richard G. Nadler, and Steven T. Appelget. In January 1995, Lyons "parted company" with Nadler but did not withdraw as counsel for plaintiffs. In July 1995, Nadler filed a memorandum in support of plaintiffs' pending motion for class certification. In mid-September, Lyons and his new firm replaced Appelget and Nadler's law firm as counsel of record for the plaintiffs. Later that month, Lyons withdrew plaintiffs' motion to certify the class, advising the district court that he needed more time to file a third amended complaint, complete additional discovery, and reformulate the class certification motion with the help of new "national class counsel." The court extended the deadline for filing and arguing the class certification motion to March 1, 1996. Despite this extension, Lyons on behalf of plaintiffs never filed a third amended complaint and never moved to certify a class, effectively abandoning plaintiffs' class action allegations.

---

[1]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, who adopted the Report and Recommendation of the HONORABLE FRANKLIN L. NOEL, Chief United States Magistrate Judge for the District of Minnesota.

After the district court granted summary judgment in its favor, First Lenders moved for an award of $83,284.64 in costs and attorneys' fees under § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The magistrate judge concluded that sanctions were warranted but that First Lenders had failed to specify with sufficient detail the excess costs resulting from Lyons's unreasonable and vexatious conduct. Accordingly, the magistrate judge ordered Lyons to pay First Lenders $15,000. The district court summarily affirmed. On remand from this court, the magistrate judge held a status conference, took the matter under advisement, and issued an order recommending that the court again impose a $15,000 sanction. The district court adopted that recommendation.

Sanctions are proper under § 1927 "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Lee, 177 F.3d at 718 (quotation and citation omitted). We review the district court's factual findings for clear error and its decision to award sanctions for an abuse of discretion. We give substantial deference to the district court's ultimate determination because of that court's "intimate familiarity with the case, parties, and counsel." O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir. 1987).

On remand, the district court articulated three bases for imposing sanctions under § 1927, but we need discuss only one, the court's finding that Lyons, by the "filing of a class action complaint, and permitting the action to proceed with discovery and motion practice for over a year and a half, before abandoning the class claims without explanation, unreasonably and vexatiously multiplied the proceedings." On appeal, Lyons first argues that, because the district court found that class action claims were asserted without an adequate pre-filing investigation, this conduct may only be sanctioned under Rule 11 of the Federal Rules of Civil Procedure, rather than § 1927. We disagree. The court expressly found that baseless class action claims dominated

discovery and motion practice for an extended period before Lyons abandoned the class allegations without explanation. As a result of this conduct, First Lenders and other defendants were forced to incur additional costs to defend the case as a class action. In these circumstances, there was clearly "a causal connection between the objectionable conduct of counsel and multiplication of the proceedings." Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). The district court properly found that this conduct "multiplie[d] the proceedings . . . vexatiously and unreasonably" within the meaning of § 1927.

Lyons next argues that the district court's ultimate finding was clearly erroneous because Lyons did not represent plaintiffs between January and September 1995, when the unreasonable and vexatious class certification motion and supporting memorandum were filed by Nadler and Appelget. As the district court noted, however, Lyons never formally withdrew as counsel of record for plaintiffs. Moreover, after Lyons replaced Nadler and Appelget as counsel of record, he withdrew the pending motion for class certification and requested an extension of time to file a third amended complaint and a renewed motion for class certification. The district court granted a four-month extension of the class certification deadline, but Lyons then abandoned these efforts without explanation. The district court's finding that Lyons was responsible for conduct warranting a § 1927 sanction is not clearly erroneous.

Lyons further argues that the district court erred in imposing a $15,000 sanction because First Lenders failed to establish a "financial nexus" between the amount it claimed in costs and attorneys' fees, and any excess costs and fees incurred as a result of Lyons's unreasonable and vexatious conduct. The district court criticized First Lenders for failing to submit detailed evidence of the *excess* costs and fees incurred, but the court found sufficient evidence that First Lenders had incurred at least $15,000 in additional costs and fees. We agree that a sanctioning court must make an effort to isolate the additional costs and fees incurred by reason of conduct that violated § 1927. But the task is inherently difficult, and precision is not required. See Fox Valley

Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry & Expert Restorations, 140 F.3d 661, 667 (7th Cir. 1998). Here, the district court discounted the First Lenders fee request some 82% to an amount that was clearly a conservative estimate of the excess costs and fees incurred on account of the unreasonable and vexatious class action claims and discovery activities. Thus, the $15,000 sanction was not an abuse of the court's discretion.

Lyons's remaining arguments concern the other reasons given by the district court for imposing a § 1927 sanction, reasons we need not consider because Lyons's conduct in multiplying these proceedings with unreasonable and vexatious class action claims fully justifies the $15,000 sanction imposed. The district court's amended sanction order dated November 15, 1999, is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-