# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1004

_____

James W. Willhite; Bonnie M. Willhite;   *

               *

        Plaintiffs,           *

               *

David M. Van Sickle,         *

               *

      Interested Party - Appellant,  *

               *   Appeal from the United States

               *   District Court for District of

      v.               *   Minnesota.

               *

Don Collins; Cheryl Collins; Terry  *

Freeman; Cass County Board of    *

Commissioners; Paul Fairbanks;   *

Leech Lake Realty; Stephen Baker;  *

               *

      Defendants - Appellees.    *

_____

Submitted: June 14, 2006
Filed: August 21, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

David Van Sickle represented James and Bonnie Willhite in a series of state court actions relating to a dispute over property lines. When the Willhites were unhappy with the results of the state court proceedings, Van Sickle filed a similar

lawsuit on their behalf in the United States District Court for the District of Minnesota. The district court granted summary judgment for the defendants and imposed sanctions on Van Sickle. We affirm the imposition of sanctions but remand for further proceedings as to the sanctions imposed.

I.

On August 25, 2005, the district court granted summary judgment for the defendants.[1] Willhite v. Collins, 385 F. Supp. 2d 926 (D. Minn. 2005). The district court held that, based on the Rooker-Feldman doctrine, it lacked jurisdiction to hear the case. Id. at 929. It also stated that even if it had jurisdiction, the plaintiffs' claims were clearly barred by collateral estoppel. Id. at 929-30. On that basis, the court ordered Van Sickle to show cause as to why he should not be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure or the court's inherent authority. Id. at 930.

Van Sickle responded in writing on September 15, 2005. The district court was not persuaded by Van Sickle's explanation for filing the suit and imposed sanctions. In its November 21, 2005, order, the district court ordered Van Sickle to pay fifty percent of the attorneys' fees incurred by each defendant in the federal case who was also a party to any of the several related state court actions. The district court also suspended Van Sickle's admission to practice in the district of Minnesota until he pays the sanction and offers proof that he has taken and passed a law school course in federal jurisdiction.

---

[1]The details of the underlying litigation are discussed in the district court's opinion and need not be repeated here. It suffices to say that this is the fifth lawsuit filed by Van Sickle over essentially the same dispute. The first lawsuit was initiated in 1997 and related lawsuits remain pending in Minnesota state courts.

II.

We review the district court's imposition of sanctions for abuse of discretion. United States v. Gonzalez-Lopez, 403 F.3d 558, 564 (8th Cir. 2005). We give substantial deference to the district court's determination as to whether sanctions are warranted because of its familiarity with the case and counsel involved. Lee v. First Lenders Ins. Servs., Inc., 236 F.3d 443, 445 (8th Cir. 2001). For the reasons expressed by the district court, we agree that sanctions are warranted in this case. Accordingly, we devote the bulk of this opinion to an analysis of whether the specific sanctions imposed were justified.

*Requirement to Pay Fifty Percent of Defendants' Attorneys' Fees*

The first sanction imposed by the district court was a requirement that Van Sickle pay fifty percent of the attorneys' fees of the defendants in this case who were also named parties in the related state suits. In its order imposing sanctions, the district court requested that each defendant seeking fees submit a statement of its attorneys' fees to the court and to Van Sickle within ten days. Four defendants did so. Half of the total amount of fees sought was $66,698.30.

On December 19, 2005, Van Sickle objected to the affidavits provided by three of the four defendants. He claimed the fees were "excessive, unwarranted, and unsubstantiated." In response, the district court ordered counsel for those three defendants to "submit a detailed affidavit of attorney's fees and costs, showing the fees broken down on an hourly basis." Each counsel complied and submitted the requested affidavits. We find these affidavits sufficient to justify the claimed amount of fees.

The amount of the monetary sanction in this case is substantial, but not unwarranted. It is significant that the penalty is only a partial reimbursement for the

costs incurred by the defendants in this case. Additionally, although an award of sanctions should be "no greater than sufficient to deter future misconduct by the party," In re Kujawa, 270 F.3d 578, 583 (8th Cir. 2001), we believe a large award is necessary to deter Van Sickle from similar misconduct. Van Sickle has been sanctioned multiple times in the past. In fact, he was previously sanctioned by a magistrate judge in this case and by a state court judge in the underlying litigation. The sanctions imposed by the state court were in response to the same type of misconduct at issue here. The state court noted that Van Sickle and his clients had subjected the defendants to "repeated litigation over matters that have been finally adjudicated" and that Van Sickle had failed to act as "the gatekeeper to prevent such abuses."

The district court did not investigate Van Sickle's ability to pay such a large sanction, but Van Sickle did not express to the district court an inability to pay. If inability to pay was a concern for Van Sickle, it was his "obligation to raise that point before the district court, since he was the one who had that information." Landscape Props., Inc. v. Whisenhunt, 127 F.3d 678, 685 (8th Cir. 1997). Furthermore, Van Sickle neither raised this issue in his brief to this court nor at oral argument.

In its order commanding Van Sickle to show cause as to why he should not be sanctioned, the district court stated two bases of authority under which it could impose sanctions: Rule 11 and the court's inherent powers. Unfortunately, when imposing sanctions, the district court did not state the authority for each sanction imposed. We encourage district courts to do so in the future as different sources of authority require different standards of proof and permit different types of sanctions against different parties. See Fuqua Homes, Inc. v. Beattie, 388 F.3d 618, 623 (8th Cir. 2004) (remanding for failure to identify the source of authority for the sanctions imposed). With respect to this sanction, however, we can presume that the district court relied on its inherent powers. See United States v. Otto, 176 F.3d 416, 418 ("Judges are presumed to know the law and to apply it in making their decisions."). It is not

permissible to award attorneys' fees under Rule 11 when the sanctions are imposed sua sponte, MHC Inv. Co. v. Racom Corp., 323 F.3d 620, 627 (8th Cir. 2003), but an award of attorneys' fees is permissible under a court's inherent powers as long as the person being sanctioned has demonstrated bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-67 (1980).

The district court's description of Van Sickle's conduct implies that it believed Van Sickle acted in bad faith. It stated that Van Sickle was "remiss in either neglecting to consider, or entirely disregarding, the doctrines of res judicata and collateral estoppel" and that "no competent lawyer could reasonably believe there was a colorable or legally-supportable claim." The district court also stated that Van Sickle had "caused each defendant to incur significant attorneys' fees and costs, and such conduct is deserving of sanction."[2]

*Requirement to Take a Law School Course in Federal Jurisdiction*

The district court also ordered Van Sickle to "take and pass" a law school course in federal jurisdiction. This sanction concerns us because of the burden it would impose on a law school to accept a practicing attorney as a student. Although we believe Van Sickle should be required to obtain additional education, we believe it would be more appropriate to require him to attend Continuing Legal Education classes. See Bergeron v. Northwest Publ'ns, Inc., 165 F.R.D. 518, 522 (D. Minn. 1996) (compiling cases where sanctions included Continuing Legal Education). We encourage the district court to consider this type of revised sanction on remand.

---

[2]Since the case is being remanded we encourage the district court to clarify the authority upon which the sanctions in this case were imposed.

*Suspension of Admission to Practice before the United States District Court for the
District of Minnesota*

The district court suspended Van Sickle's admission to practice before the United States District Court for the District of Minnesota and stated that he could not apply for readmission until he submitted proof that he had paid the attorneys' fees at issue and passed the required law school course in federal jurisdiction.

The imposition of this sanction concerns us for two reasons. First, we are troubled by the open-ended nature of the suspension. If Van Sickle is not able to practice in the district of Minnesota until the monetary award is paid, the suspension could last for years or even become a de facto disbarment. Second, we are concerned about the district court's failure to follow the local rules for the district of Minnesota in suspending Van Sickle. Local Rule 83.6 contains very detailed and specific provisions concerning the procedures to be followed in suspending or disbarring an attorney from the practice of law in the district of Minnesota.

"[A] district court's inherent power to discipline attorneys who practice before it does not absolve the court from its obligation to follow the rules it created to implement its exercise of such power." United States Dep't of Justice v. Mandanici, 152 F.3d 741, 745 n.12 (8th Cir. 1998). We have previously noted with favor that a federal district "assiduously complied" with the local rules in disciplining an attorney. In re Fletcher, 424 F.3d 783, 793 (8th Cir. 2005). Accordingly, we remand for further proceedings as to the suspension aspect of the sanction. If the district court decides to proceed with the suspension, it should either follow the procedures of its local rules or otherwise explain the basis of its authority to suspend.

## III.

For the foregoing reasons, we affirm the district court's finding of misconduct and its decision to impose sanctions. We remand for further proceedings as to the sanctions to be imposed.

_____