# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3215

_____

| | | |
|---|---|---|
| Stephen E. Jones; Doyle Clark, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| Thomas R. Buchanan, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| United Parcel Service, Inc.; Local 41 | * | |
| of the International Brotherhood of | * | |
| Teamsters, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 13, 2006
Filed: August 22, 2006

_____

Before COLLOTON, HEANEY, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Attorney Thomas Buchanan appeals an order sanctioning him $1,000 pursuant to Rule 11 of the Federal Rules of Civil Procedure, and an order requiring him to reimburse attorneys' fees of $10,000 to United Parcel Service ("UPS") and $10,000

to Local 41 of the International Brotherhood of Teamsters ("Local 41"), pursuant to 28 U.S.C. § 1927. We affirm.

Buchanan represented Stephen Jones and Doyle Clark in their action against UPS and Local 41 for wrongful termination and inadequate union representation. UPS and Local 41 moved for summary judgment on all counts raised by Jones and Clark, and in response, plaintiffs, through Buchanan, filed a 480-page pleading, which included a 168-page statement of controverted facts, a 179-page response to defendants' statements of uncontroverted facts, and a 132-page argument section. The district court[*] determined that plaintiffs' pleading violated Local Rule 56.1, disregarded all of plaintiffs' statement of controverted facts, and deemed defendants' statements of uncontroverted facts admitted. *See* W.D. Mo. R. 56.1(a). The court then granted summary judgment for the defendants on all counts. In an opinion filed today, we conclude that the district court did not abuse its discretion in finding a violation of the local rule or in disregarding the non-compliant pleading. *Jones v. UPS, Inc.*, Nos. 05-2202, 05-2205, slip op. at 8-11 (8th Cir. Aug. 22, 2006).

The district court, pursuant to Federal Rule of Civil Procedure 11(c)(1)(B), ordered Buchanan to show cause why he should not be sanctioned, and UPS and Local 41 moved for reimbursement of attorneys' fees pursuant to 28 U.S.C. § 1927. Buchanan's response to the show cause order focused on six specific paragraphs of the plaintiffs' pleading, which the district court had cited as examples of what it described as "misrepresentations and misstatements," or attempts at controversion that were either "unsupported by record or blatantly non-responsive." He requested that if the court intended to base sanctions on "other specific items," then he should have "an adequate opportunity to respond with explanation."

---

[*]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

The court's order imposing sanctions addressed Buchanan's statements about notice and opportunity to respond. The court explained that its intention in offering six examples of deficient paragraphs in the pleading was "to provide an outline of the objectionable conduct contained in Document 373 as a whole and not to supply an exclusive list of sanctionable actions." The court reasoned that although Rule 11(c)(1)(B), which permits a court to impose sanctions on its own initiative, requires the court to provide adequate notice prior to levying sanctions, this requirement did not place a burden on the court to enumerate "each and every transgression contained within 480 pages" of the pleading. The court believed that sufficient notice was provided to Buchanan in the order to show cause and the orders granting summary judgment, which were incorporated by reference into the order to show cause.

In explaining its decision to impose sanctions, the court determined that "the length of the document, 480 pages and 948 paragraphs of Fact Statement, when coupled with numerous misstatements and mischaracterizations of the record becomes unduly burdensome." Among other things, "the oppressive size combined with the overall untrustworthy nature of the document had a cumulative effect which [the] Court found to be repugnant to the very concept of judicial economy." The court also found that Buchanan's attempt to justify the length of plaintiffs' brief by comparing it to the combined length of defendants' three summary judgment motions and two reply briefs was "disingenuous," "ill-conceived," and "irrelevant," because two-thirds of the defendants' pages were devoted to responding to Buchanan's pleading.

Buchanan also responded to defendants' motions for attorneys' fees, interpreting 28 U.S.C. § 1927 to require a finding of both objective unreasonableness and subjective bad faith. He argued that neither UPS nor Local 41 made the requisite showing. In ordering Buchanan to pay fees, the court was unconvinced that the statute requires a showing of subjective bad faith, but found that if it did, then Buchanan's conduct "would easily satisfy a subjective, bad-faith component." The court found

that portions of the 480-page pleading "were created for the sole purpose of causing unnecessary delay and a needless increase in the cost of litigation."

In his appeal of the Rule 11 sanction, Buchanan argues that the court did not provide the notice required by Rule 11(c)(1)(B). He further contends that the asserted deficiencies in Document 373 discussed by the court in its order did not violate Rule 11(b), and did not meet the standards for conduct that may be sanctioned under the rule. Buchanan also argues that if there was a proper finding of sanctionable conduct, then the sanction imposed exceeded an amount that was "sufficient to deter repetition of such conduct." *See* Fed. R. Civ. P. 11(c)(2).

We review the district court's determinations concerning Rule 11 under the abuse-of-discretion standard. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Rule 11 sanctions may be warranted when a pleading is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," Fed. R. Civ. P. 11(b)(1), contains allegations or factual contentions that lack evidentiary support, Fed. R. Civ. P. 11(b)(3), or contains denials of factual contentions that are not warranted on the evidence. Fed. R. Civ. P. 11(b)(4).

Rule 11 provides a specific procedure to be followed when sanctions are considered. A district court may impose Rule 11 sanctions on its own initiative, but it must first enter an order describing the specific conduct that appears to violate Rule 11(b), and direct the attorney to show cause why he has not violated the rule. Fed. R. Civ. P. 11(c)(1)(B); *see also Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004). Then, when imposing sanctions, the court is required to describe the conduct determined to constitute a violation of Rule 11, and explain the basis for the sanction chosen. Fed. R. Civ. P. 11(c)(3).

We are not persuaded by Buchanan's argument that the district court failed to give adequate notice of the specific conduct that appeared to violate Rule 11. The

court entered an order to show cause in accordance with Rule 11(c)(1)(B), and the order incorporated by reference the orders granting summary judgment, which detailed the court's objections to Document 373. There is no dispute that the court thereby notified him of six specific paragraphs in the pleading that the court viewed as deficient and exemplary of widespread flaws in the document. The response filed by Buchanan and his law firm to the court's order to show cause acknowledged that upon re-review of Document 373, counsel himself found additional errors in the citation of facts. (R. Doc. 518 at 3 n.5).

The court in its orders granting summary judgment also pointed to other "specific conduct" that it found objectionable. The court referred to "instances in which [plaintiffs] attempt to dispute paragraphs which are supported by testimony from their own depositions." (R. Doc. 506 at 5). Although the court did not cite specific paragraph numbers beyond one prominent example, a review of the defendants' pleadings should readily have revealed to Buchanan other asserted uncontroverted facts that are supported by testimony from the depositions of Jones and Clark. (*E.g.*, R. Doc. 373, Pls.' Resp. to Local 41's Statement of Uncontroverted Facts, ¶¶ 8, 91, 105, 106, Pls.' Resp. to UPS's (Clark) Statement of Uncontroverted Facts, ¶¶ 39, 46, 101, Pls.' Resp. to UPS's (Jones) Statement of Uncontroverted Facts, ¶¶ 77, 120).

The district court further observed that plaintiffs' responses "frequently engage in argument in opposition to Defendants' facts without directing the Court to any portion of the record for support." (R. Doc. 506 at 6). The court gave one example, but other instances again are readily identifiable on a review of Document 373. (*E.g.*, R. Doc. 373, Pls.' Resp. to Local 41's Statement of Uncontroverted Facts, ¶¶ 119, 121, Pls.' Resp. to UPS's (Clark) Statement of Uncontroverted Facts, ¶ 23, Pls.' Resp. to UPS's (Jones) Statement of Uncontroverted Facts, ¶¶ 34, 41, 43, 51, 71, 88). The absence of a listing of all offending paragraphs did not deprive Buchanan of adequate

notice that he should explain why many responses to the statements of uncontroverted fact include no citation of the record as required by Local Rule 56.1.

Similarly, the court cited the circumstance that "many of Plaintiffs' attempts to controvert facts do not specifically refer to the portions of the record, but merely contain cross-references to other paragraphs, which oftentimes have no support." (R. Doc. 506 at 6). Again, while the court provided one example, numerous examples of this cross-referencing technique can be readily identified on review of Document 373. (*E.g.*, R. Doc. 373, Pls.' Resp. to Local 41's Statement of Uncontroverted Facts, ¶¶ 23, 31, Pls.' Resp. to UPS's (Clark) Statement of Uncontroverted Facts, ¶¶ 27, 35, 40, 48, 49, 100, 102, 103, 107, Pls.' Resp. to UPS's (Jones) Statement of Uncontroverted Facts, ¶¶ 35, 37, 121-23, 163). The district court's reference to the tactic gave notice of the "specific conduct" at issue.

The district court also expressed concern that the document was "unwieldy," "gargantuan," "titanic," and "utterly oppressive by means of its sheer size," (R. Doc. 506 at 2-3), particularly in view of the requirement of Local Rule 56.1 that the opposition to a motion for summary judgment begin with a "concise listing of material facts." (*Id*. at 5); W.D. Mo. R. 56.1(a). While this notice is not directed to specific paragraphs of the pleading, it is still a description of "specific conduct" that the court found objectionable. Buchanan was properly notified that he should address why his "concise listing of material facts" spanned 948 paragraphs, and why a 480-page pleading was justified under the circumstances.

As for the substantive decision that Buchanan's conduct was sanctionable, we said in 1990 that the standard under Rule 11 is whether the attorney's conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990). Rule 11 was amended in 1993, and Buchanan argues that the amended rule requires a finding that the attorney's conduct was "akin to contempt of court" and motivated by subjective

bad faith before a court may impose sanctions on its own initiative. This argument draws on commentary of the advisory committee on the rules of civil procedure, which states that "[s]ince show cause orders will ordinarily be issued only in situations that are akin to a contempt of court, the rule does not provide for a 'safe harbor' to a litigant for withdrawing a claim, defense, etc., after a show cause order has been issued on the court's own initiative." Fed. R. Civ. P. 11 advisory committee's note (discussing 1993 amendments to subdivisions (b) and (c)). Buchanan's argument on the governing legal standard was accepted by a divided panel of the Second Circuit. *Compare In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003), *with id*. at 94-101 (Underhill, J., dissenting).

We have said after the amendment of Rule 11 that the rule should be applied with "particular strictness" when sanctions are imposed on the court's own initiative, *MHC Inv. Co. v. RACOM Corp.*, 323 F.3d 620, 623 (8th Cir. 2003), but we have found it unnecessary to decide whether the standard for sanctions initiated under Rule 11(c)(1)(B) is different from, and more stringent than, the standard for sanctions initiated by motion of a party under Rule 11(c)(1)(A). *Norsyn, Inc. v. Desai*, 351 F.3d 825, 831 (8th Cir. 2003). We find it unnecessary to resolve that issue in this case as well, because assuming that Rule 11 does require a finding of subjective bad faith to impose sanctions on a court's own initiative, the district court made such a finding here, and we conclude that the determination was neither clearly erroneous nor an abuse of discretion.

Determinations under Rule 11 often involve "fact-intensive, close calls," *Cooter & Gell*, 496 U.S. at 404 (internal quotation omitted), and "[w]e give '[d]eference to the determination of courts on the front lines of litigation' because these courts are 'best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted.'" *MHC Inv. Co.*, 323 F.3d at 624 (quoting *Cooter & Gell*, 496 U.S. at 404). The Supreme Court adopted the deferential abuse-of-discretion standard of review for Rule 11 sanctions with the recognition that it

would "streamline the litigation process by freeing appellate courts from the duty of reweighing evidence and reconsidering facts already weighed and considered by the district court." *Cooter & Gell*, 496 U.S. at 404.

We conclude that the district court did not abuse its discretion in determining that Buchanan violated the objective unreasonableness standard of Rule 11. The court reasonably found that the length of Document 373, combined with unsupported attempts to controvert facts (including misstatements and mischaracterizations of the record), failures to provide citations to the record, improper use of cumbersome cross-references, and inappropriate inclusion of legal argument in a purported listing of disputed material facts, made the pleading unduly burdensome. *See generally Jones*, Nos. 05-2202, 05-2205, slip op. at 8-11. The record is sufficient to support the district court's conclusion that, when viewed objectively, Buchanan acted with reckless disregard of his duties to the court, and the court's order adequately explains the basis for this conclusion.

Regarding Buchanan's subjective motivation, the district court specifically found that portions of the pleading "were created *for the sole purpose* of causing unnecessary delay and a needless increase in the cost of litigation." (R. Doc. 534 at 5) (emphasis added). And the court found that Document 373 represented "a form [of] litigation by attrition, wherein *the practitioner's intent* was to force the opposition either to yield to its position or be crushed under a great weight of misstated factual assertions and drowned in a sea of bombast." (*Id.*) (emphasis added). These are findings that attorney Buchanan acted with an improper purpose and intent, and they amount to a finding of subjective bad faith. Such a finding concerning an attorney's state of mind must necessarily be based on circumstantial evidence and inferences drawn therefrom. Having reviewed Document 373 in detail and in the context of the litigation, we believe the circumstances support the inference drawn by the district court, and the order adequately explains the basis for the findings of purpose and intent. The findings are neither clearly erroneous nor an abuse of discretion. We also

conclude that a sanction of $1,000 is reasonable and consistent with the principle that a sanction be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Accordingly, the district court did not abuse its discretion in imposing sanctions on Buchanan pursuant to Rule 11.

We also review for abuse of discretion the district court's order that Buchanan reimburse attorneys' fees incurred by UPS and Local 41. *Tenkku v. Normandy Bank*, 348 F.3d 737, 743-44 (8th Cir. 2003). A court may require counsel to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Relying on *dicta* in *NAACP-Special Contribution Fund v. Atkins*, 908 F.2d 336, 340 (8th Cir. 1990), Buchanan argues that § 1927 has both objective and subjective components. Our subsequent holdings make clear, however, that the statute permits sanctions when an attorney's conduct, "'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Tenkku*, 348 F.3d at 743 (quoting *Perkins*, 911 F.2d at 36); *see also Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001). As with sanctions under Rule 11, the district court must provide an attorney with fair notice and an opportunity to be heard before ordering the reimbursement of fees. *Fuqua Homes*, 388 F.3d at 623.

We conclude that the motions filed by UPS and Local 41, which incorporated and expanded on the discussion in the court's orders granting summary judgment and the order to show cause, put Buchanan on notice of the asserted deficiencies in the pleading that he needed to address with respect to § 1927. The district court's reasons for disregarding the non-compliant pleading and imposing Rule 11 sanctions also support a finding that counsel "multiplie[d] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. The reimbursement of $10,000 to each defendant was nearly 80% less than the amount requested by UPS and 35% less than the amount requested by Local 41, and we believe it represents a measured determination that

does not exceed the fees likely incurred as a result of the vexatious pleading. *See Lee*, 236 F.3d at 446.  Accordingly, the district court's order to reimburse fees was not an abuse of discretion.

For these reasons, the orders of the district court are affirmed.

_____