# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3708

_____

Lorinda Sampson, Personal Representative of the Estate of Maynard Bernard; Tina Bernard, Personal Representative of the Estate of Maynard Bernard,

*Plaintiffs - Appellees*,

Maynard Bernard, Estate *Plaintiff*,

*Plaintiff*,

v.

United States Department of Interior; Bureau of Indian Affairs; Timothy LaPointe, Great Plains Regional Director,

*Defendants - Appellees*,

Grady Renville,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: August 19, 2021
Filed: August 24, 2021
[Unpublished]
_____

Before LOKEN, COLLOTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

In this action filed by the beneficiaries of an estate, defendant Grady Renville appeals the district court's[1] order denying his challenge to the disbursement of proceeds of a land sale--finding the challenge was barred by a 2011 settlement agreement Renville had entered--and imposing monetary sanctions against Renville for his frivolous and abusive challenges. Upon careful de novo review, we conclude that the district court properly enforced the clear terms of the settlement agreement, *see Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988), and did not abuse its discretion in determining that Renville was estopped from arguing he was entitled to the entire proceeds of the land sale, *see Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006).

We also conclude that the district court did not abuse its discretion in imposing sanctions under Federal Rule of Civil Procedure 11 and its inherent powers, based on its findings that Renville's claim to all of the proceeds of the land sale was frivolous, that he presented claims for the improper purpose of attempting to force plaintiffs to abandon the settlement agreement to avoid further legal fees and costs, that he caused unnecessary delay and needlessly increased the costs of litigation, that he advanced legal contentions that were not warranted by existing law, and that he made false representations to the court without any reasonable basis to do so. *See* Fed. R. Civ. P. 11(c); *Clark v. UPS*, 460 F.3d 1004, 1008 (8th Cir. 2006); *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006); *Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998); *Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993); *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 266 (8th Cir. 1993).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

-2-