# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 22-2406

_____

Brock Fredin

*Plaintiff - Appellant*

v.

Jamie Kreil

*Defendant - Appellee*

_____

## No. 22-2407

_____

Brock Fredin

*Plaintiff - Appellant*

v.

Grace Elizabeth Miller; Catherine Marie Schaefer

*Defendants - Appellees*

_____

## No. 22-2421

_____

Brock Fredin

*Plaintiff - Appellant*

v.

Lindsey E. Middlecamp

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: January 13, 2023
Filed: January 31, 2023
[Unpublished]

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Brock Fredin returns to the court seeking review of various orders filed in his three related diversity tort actions. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The last time the parties were before this court, orders were affirmed that (1) imposed an injunction relating to certain videos and websites involving defendants, their counsel, and the district court; and (2) directed Fredin to show cause why he did not comply with the injunction. *See Fredin v. Middlecamp*, 855 Fed. Appx. 314 (8th Cir. 2021) (unpublished per curiam), *reh'g and reh'g en banc denied*, (8th Cir. Nov. 10, 2021), *cert. denied*, 142 S. Ct. 1417 (2022). Fredin now appeals district court[1] orders that (1) imposed deferred sanctions for violating the injunction order;

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

and (2) denied his motions to recuse the district court judge, disqualify opposing counsel, and sanction defendants and their attorneys.

This court finds no basis for reversal. The district court did not abuse its discretion in imposing monetary sanctions on Fredin. *See Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006) (standard of review; this court accords substantial deference to district court's determination that sanctions are warranted because of its familiarity with case); *see also Schlafly v. Eagle F.*, 970 F.3d 924, 937-38 (8th Cir. 2020) (discussing court's reasonable considerations in imposing monetary sanction). Reversal also is not warranted based on the denial of Fredin's motions to recuse the district court judge, disqualify opposing counsel, and sanction defendants and their attorneys. *See A.J. by L.B. v. Kierst*, 56 F.3d 849, 859 (8th Cir. 1995) (sanction of disqualification of counsel is reviewed for abuse of discretion); *cf. Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003) (court abused its discretion in granting Fed. R. Civ. P. 11 motion where party failed to comply with procedural requirements, including serving prepared motion on opposing party in compliance with 21-day "safe harbor" provision).

The district court's orders are affirmed. *See* 8th Cir. R. 47B. Fredin's pending motion to disqualify and sanction counsel is denied.

_____