# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-1875

_____

Greyhound Lines, Inc.,          *

                              *

          Appellee,     *

                              *    Appeal from the United States

    v.                     *    District Court for the

                              *    District of Nebraska.

Robert Wade; and          *

Archway Cookies, LLC,     *

doing business as Specialty Foods,   *

                              *

          Appellants.    *

_____

Submitted: December 15, 2006
Filed: April 24, 2007

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

      Greyhound Lines, Inc. sued Robert N. Wade and Archway Cookies, LLC (collectively Archway).  In August 2000, an Archway truck driven by Wade rear-ended a Greyhound bus operated by Debra Johnson on Interstate 80 in Nebraska.

After a bench trial, the district court[1] apportioned fault at 85 percent to Archway and 15 percent to Greyhound. Archway appeals, asserting the court erred in refusing sanctions, determining credibility and competency of a witness, and apportioning fault. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

At the time of the collision, due to mechanical failure, the Greyhound bus was traveling below the posted minimum speed, in the right lane, hazard lights flashing, as the driver tried to reach the nearest off-ramp. The bus had an electronic control module (ECM) that stored information, including speed, starts, stops, and the time and type of a mechanical failure. Ten days after the accident, Greyhound removed the ECM and retrieved the information. The ECM indicated that a speed-sensor failure caused the bus's slow speed. Greyhound then sent the ECM to the engine manufacturer, who erased the information before this case was filed. Archway requested sanctions against Greyhound for spoliation of evidence, and misleading and false discovery responses. The district court denied Archway's motions.

This court reviews the imposition of sanctions for an abuse of discretion. *See Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004). The district court, familiar with the case and counsel, receives substantial deference in determining sanctions. *See Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006). If the court bases its ruling on "an erroneous view of the law or on a clearly erroneous assessment of the evidence," the court abuses its discretion. *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005).

---

[1]The Honorable F.A. Gossett III, United States Magistrate Judge for the District of Nebraska.

Archway contends that Greyhound deserves sanctions for destroying the ECM data and giving evasive and misleading responses in discovery. According to Archway, Greyhound had a duty to preserve the ECM data because litigation was likely, and the ECM data detailed the bus's operation before the accident. Archway believes that by failing to retain the ECM data, Greyhound prevented identifying when and where the bus first had problems. As to the discovery responses, Archway alleges that Greyhound's initial interrogatory responses identified a "vapor lock" as the mechanical impairment, although Greyhound knew it was a speed-sensor failure. Archway claims that three months before trial, it learned about the ECM data and the speed-sensor failure.

A spoliation-of-evidence sanction requires "a finding of intentional destruction indicating a desire to suppress the truth." *Stevenson*, 354 F.3d at 746; *see **Richter v. City of Omaha***, __ N.W.2d __, 2007WL865842 at *4 (Neb. March 23, 2007) (unfavorable inference where "spoliation or destruction was intentional and indicates fraud and a desire to suppress the truth"). "Intent is rarely proved by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." ***Morris v. Union Pac. R.R.***, 373 F.3d 896, 902 (8th Cir. 2004).

Before, during and after trial, the district court reviewed Archway's spoliation claims, each time denying sanctions. Archway argues that because litigation was likely, Greyhound had a duty to preserve the ECM data. The ultimate focus for imposing sanctions for spoliation of evidence is the intentional destruction of evidence indicating a desire to suppress the truth, not the prospect of litigation. ***Morris***, 373 F.3d at 901. Thus, the district court did not err in finding spoliation had not occurred. Additionally, although some material was not preserved, the ECM data identified the specific mechanical defect that slowed the bus, and several bus passengers testified how the bus acted before the collision. *See Stevenson*, 354 F.3d at 748 ("There must

be a finding of prejudice to the opposing party before imposing a sanction for destruction of evidence").

As to the discovery responses, the district court found that Greyhound's answers were responsive and that Archway was not prejudiced by untimely disclosure. *See Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001) (sanctions "under either Rule 37 of the Federal Rules of Civil Procedure or the inherent powers of the district court" are reviewed for abuse of discretion). Because Archway received responsive answers months before trial, the district court properly refused discovery sanctions.

The district court did not base its determinations on an erroneous view of the law or the evidence, and did not abuse its discretion by refusing sanctions against Greyhound.

II.

Under Federal Rule of Evidence 601, in this diversity case Nebraska law governs the competency of Debra Johnson to testify. *See* Fed. R. Evid. 601 (when "State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law"); *see also* **Neb. Rev. Stat. § 27-601.** Competency of a witness is reviewed for abuse of discretion. *United States v. Peyro*, 786 F.2d 826, 830 (8th Cir. 1986).

Challenging Johnson's competency, Archway cites her statements that she cannot handle her business and legal affairs. Johnson suffers from a serious brain impairment "that makes normal thinking and processing almost impossible," partly due to this very collision. After a pre-trial hearing, the district court, seeing and hearing Johnson's testimony, was satisfied with her ability to recall the events at issue. The court concluded that she was competent to testify, and that her testimony on the

-4-

whole was accurate and reliable. On this record, the district court was within its discretion.

Archway also argues that the district court erred in deciding factual issues based upon Johnson's testimony. Findings of fact are reviewed for clear error. *Amtrust, Inc. v. Larson*, 388 F.3d 594, 600 (8th Cir. 2004). The district court's evidentiary rulings at trial merit substantial deference. *McPheeters v. Black & Veatch Corp.*, 427 F.3d 1095, 1103 (8th Cir. 2005). Just as admission of Johnson's testimony was not error, the district court did not clearly err in allowing her testimony to be the basis of other testimony, or in using the testimony for factual findings.

After trial, Archway moved to alter or amend the judgment, and for relief from judgment under Federal Rules of Civil Procedure 59(e), 60(b)(2) and (3). Before and at trial, Johnson said her felony conviction was for failure to make payments on a car purchased on a "lease with option to buy" contract. In fact, the felony was for failure to return a rental car rented under a false address and telephone number. Archway reasons that evidence of a past felony conviction should make Johnson's testimony unusable by the experts and the judge. The district court denied the motions.

Denial of these post-trial motions is reviewed for abuse of discretion. *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005); *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). To prevail on a Rule 59(e) or Rule 60(b)(2) motion, a party must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover it before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 n.3 (8th Cir. 2006) ("Rule 59(e) or Rule 60(b)(2) are analyzed identically"). *See also U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003). Likewise, a Rule 60(b)(3) motion is granted when a party shows "with clear and convincing evidence, that the opposing party engaged in fraud or

misrepresentation that prevented the movant from fully and fairly presenting its case." *Harley*, 413 F.3d at 870.

The district court did not abuse its discretion in refusing to amend or set aside the judgment. The evidence of Johnson's conviction was – or should have been – explored before trial. The district court found that the evidence, if admitted, was merely cumulative or impeaching. The court further noted that admission of the evidence would not produce a different result because liability rested not only on Johnson's testimony, but on the record as a whole. Finally, there is no clear and convincing evidence of fraud or misrepresentation that prevented Archway from fully and fairly presenting its case.

The trial court did not abuse its discretion in denying Archway's challenges to Johnson's competency and credibility, or Archway's post trial motions.

III.

Archway requests that fault be apportioned *de novo* on appeal. To the contrary, the fact finder assesses and apportions negligence among the parties, and its apportionment will be reversed only upon a showing of clear error. *Mandel v. United States*, 793 F.2d 964, 969 (8th Cir. 1986); *Nodaway Valley Bank v. Cont'l Cas. Co.*, 916 F.2d 1362, 1365 (8th Cir. 1990); *see Baldwin v. City of Omaha,* 607 N.W.2d 841, 853 (Neb. 2000) ("apportionment is solely a matter for the fact finder").

Archway claims the district court should have separated Greyhound's negligence from that of its driver, Johnson. Archway requests that Greyhound's percent of liability be increased for failing to implement safety and communication measures to prevent the accident.

As clear from the ruling on the post-trial motions, the district court apportioned some fault to Greyhound principally because as a common carrier it had a higher duty

of care.  *See **Ware v. Yellow Cab, Inc.***, 225 N.W.2d 565, 567 (Neb. 1975).  The court assessed the 15 percent fault because driver Johnson traveled the interstate instead of parking on the shoulder. On the other hand, the district court found Archway was "extremely negligent" because its driver Wade did not see a vehicle in plain view ahead of him under ideal conditions.  The district court's assessment of fault is not a clear error.

IV.

The judgment of the district court is affirmed.

_____