**Henry HICKERSON, Plaintiff,**

v.

**PRIDE MOBILITY PRODUCTS CORPORATION, and THE SCOOTER STORE–KANSAS CITY, L.L.C., Defendants.**

**No. 05–0035–CV–WFJG.**

United States District Court,
W.D. Missouri,
Western Division.

May 31, 2007.

---

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chtd., Overland Park, KS, for Plaintiff.

Charles A. Getto, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, PA, Kansas City, KS, for Defendants.

## ORDER

GAITAN, Chief Judge.

Currently pending before the Court is Defendants' Renewed Motion for Summary Judgment (Doc. # 129).

## I. BACKGROUND

On October 22, 2003, a fire occurred at the home of plaintiff Henry Hickerson. As a result of the fire, Mr. Hickerson's wife died and he lost his home. At the time of the fire, Mr. Hickerson and his wife owned a motorized chair, known as a Pride Jet 3 Power Chair. Defendant Pride Mobility manufactured the chair and plaintiffs purchased the chair from the Scooter Store. Plaintiff alleges that the motorized chair caused the fire.

On October 23, 2003, Clarence M. Kelley & Associates received a request from Armed Forces Insurance Company to conduct a fire cause and origin investigation into the fire that had occurred at plaintiff's home. William L. Schoffstall was the individual who conducted this investigation. In his report, Mr. Schoffstall concluded that the fire was undetermined. He believed that it started in the living room near the west end of the structure. He stated that the only source of ignition in this area was the scooter and with the damage found to the wires of the unit, it could not be ruled out as the source of the fire. Mr. Schoffstall also stated that the potential for subrogation was present if a laboratory could identify the manufacture of the scooter and the model and also confirm that a failure in the scooter had occurred. Plaintiff and his insurance company authorized the demolition of the house and all of its contents in December 2003. The demolition was completed in early January 2004. Plaintiff first gave notice of the accident to defendants in a letter dated May 12, 2004.

On November 18, 2004, Plaintiff filed a six count Petition in state court alleging Count I—Strict Liability–Defective Design and Manufacture; Count II—Strict Liability Failure to Warn; Count III—Breach of Implied Warranty of Fitness; Count IV—Breach of Implied Warranty of Merchantability; Count V—Negligent Design, Manufacture and Failure to Warn; Count VI—Wrongful Death and Survival Claim. Defendant subsequently removed the case to federal court on January 11, 2005.

On February 7, 2006, the Court granted defendant's motion to strike the plaintiff's expert because he had no experience regard-

ing the design, manufacture, construction or operation of motorized wheelchairs or electric scooters. Due to the ruling on the expert issue, the Court then determined that plaintiff had no evidence of a defect in the chair and granted summary judgment. On December 13, 2006, the Eighth Circuit reversed the grant of summary judgment. The Eighth Circuit determined that because plaintiff's expert was only being offered as a cause and origin expert and because his opinion relied entirely on a res ipsa type theory of implied defect, his testimony was admissible. Defendants have now filed a renewed motion for summary judgment based on spoliation of evidence. This issue was not addressed in the Court's earlier order.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita*, 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538; *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir.

1984), *cert. denied*, 470 U.S. 1057, 105 S.Ct. 1767, 84 L.Ed.2d 828 (1985).

## III. DISCUSSION

■ Defendants argue that plaintiff's willful destruction and discarding of the house and all of its contents (other than the remains of the Power Chair) constitute intentional spoliation which justifies the harshest remedy—the entry of summary judgment in favor of the defendants. Defendants state that the extensive damage and the death of plaintiff's wife made it highly likely that plaintiff considered filing suit soon after the fire. However, despite this fact, plaintiff and his insurance company authorized the removal, discarding and destruction of the home and all its contents months before notice was given to defendants. Defendants state that because they cannot examine, view, inspect or test the fire scene or any of the other potential causes of the fire, they have been severely prejudiced and no sanction lesser than summary judgment would avoid the unfairness resulting from plaintiff's actions.

Plaintiff responds that all evidence that he knew or should have known about—the scooter and all remnants located in the area of origin were preserved for evidence and inspection, including a heating element in a tower space heater. Plaintiff states that the granting of summary judgment is a harsh remedy and one which is not warranted in this case where the remnants of the Power Chair were preserved.

Defendants respond that plaintiff did not preserve all evidence he knew or should have known about that was material to the litigation. Defendants state that within days plaintiff knew of the potential claim, but did not give them notice and then intentionally discarded everything else in the home. Defendants state that they should have been given immediate notice of the potential claim and an opportunity to examine the fire scene with their own representatives and experts.

■ "District courts have inherent authority to impose sanctions when a party destroys evidence that it knows or should know is relevant to potential litigation and thereby prejudices its potential adversary."

*Hughes v. Black & Decker, Inc.*, No. 05–1536 (PJS/JJG), 2007 WL 107680, *1 (D.Minn. Jan. 10, 2007) (*citing Dillon v. Nissan Motor Co. Ltd.*, 986 F.2d 263, 267 (8th Cir.1993)). "A finding of bad faith is necessary to impose certain sanctions, such as an outright dismissal or an adverse-inference instruction." *Id.* (citing *Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006)). In *Hughes,* the Court stated:

> the Court may impose other types of sanctions in the absence of a bad-faith finding.... To exclude evidence, for example, the Court need only find that State Farm knew or should have known that the evidence was relevant to potential litigation.

*Id.* at *1.

In the instant case, defendants argue that the Court should grant summary judgment in their favor because plaintiff knew that litigation was likely and thus he had a duty to preserve the house and its contents. Defendants state that "[a] more deliberate act of destruction of material evidence ... cannot be imagined." (Defendant's Motion for Summary Judgment, p. 12). However, this argument was rejected in *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032 (8th Cir.2007). In that case, the Court stated, "Archway argues that because litigation was likely, Greyhound had a duty to preserve the ECM data. The ultimate focus for imposing sanctions for spoliation of evidence is the intentional destruction of evidence indicating a desire to suppress the truth, not the prospect of litigation.... Thus, the district court did not err in finding spoliation had not occurred." *Id.* at 1035.

In the instant case, defendants have failed to demonstrate that plaintiff acted in bad faith or with a desire to suppress the truth. Without such a showing, the dismissal of plaintiff's claim or the granting of summary judgment is not warranted. As previously noted, the imposition of lesser sanctions is a possibility, however defendants stated in their Motion that dismissal was "the only appropriate sanction." The Court does not agree.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** defendants' Renewed Motion for Summary Judgment (Doc. # 129).