Teresa R. WAGNER, Plaintiff,

v.

Carolyn JONES, Dean of Iowa College of Law (in her individual capacity); Gail B. Agrawal, Dean of the Iowa College of Law (in her official capacity), Defendants.

No. 3:09–cv–10.

United States District Court,
S.D. Iowa,
Davenport Division.

Oct. 11, 2012.

George A. Carroll, Jordan Esbrook, Iowa Attorney General, Diane M. Stahle, Iowa Department of Justice, Des Moines, IA, for Defendants.

John F. Doak, Stephen T. Fieweger, Katz Huntoon & Fieweger, Moline, IL,

Peter C. Fieweger, Katz Huntoon & Fieweger PC, Rock Island, IL, for Plaintiff.

## ORDER

ROBERT W. PRATT, District Judge.

Before the Court are the following motions: 1) Carolyn Jones' ("Jones") and Gail Agrawal's (collectively "Defendants") Motion in Limine, filed September 10, 2012 (Clerk's No. 76); 2) Teresa Wagner's ("Wagner" or "Plaintiff") Motion in Limine, filed September 25, 2012 (Clerk's No. 77); 3) Defendants' Second Motion in Limine, filed September 28, 2012 (Clerk's No. 84); and 4) Defendants' Third Motion in Limine, filed October 9, 2012 (Clerk's No. 98). Plaintiff filed responses to Defendants' First and Second Motions on September 25, 2012 and October 4, 2012, respectively. Clerk's Nos. 78, 96. Defendants filed a response to Plaintiff's Motion on September 28, 2012. Clerk's No. 80. Plaintiff has not yet filed a response to Defendants' Third Motion in Limine; however, the Court does not believe that a response is necessary given the generalized nature of the Motion. The matters are fully submitted.

## I. FACTUAL BACKGROUND

In October 2006, Wagner applied for one of two full-time Legal Analysis, Writing and Research ("LAWR") instructor positions at the University of Iowa ("University"). *See Wagner v. Jones*, 664 F.3d 259, 264 (8th Cir.2011). Wagner, Matt Williamson ("Williamson"), and one other individual interviewed for the positions. *Id.* at

265. On January 26, 2007, Plaintiff was informed that the University would only be hiring one full-time LAWR instructor, and that Wagner had not been selected. *Id.* at 267. Instead, the University hired Williamson, purportedly because Williamson was perceived to have performed better during the interview process than Wagner.[1] *Id.*

The University opted to fill the second full-time LAWR position with an adjunct appointment and asked Wagner if she would be interested. *Id.* Wagner was interested, and on approximately February 27, 2007, her name was forwarded to the University's appointment committee for consideration for the adjunct position. *Id.* Wagner, however, was neither granted an interview nor hired for the adjunct position. *Id.* Instead, in approximately March 2007, the University hired Steve Moeller and Dawn Anderson ("Anderson") as part-time adjuncts. *Id.* at 267–68. Wagner applied two additional times for adjunct positions, in June 2008 and January 2009. *Id.* at 268.[2] She was not interviewed for either position, nor was she hired. *Id.* When Williamson resigned from the full-time LAWR position in August 2008, Wagner also applied to replace him. Am. Compl. ¶¶ 64–65. Wagner was not interviewed and the position was given to Anderson. *Id.* ¶ 65.

## II. MOTIONS

### A. *Defendants' Motion in Limine*

In their first Motion in Limine, Defendants request that the Court exclude from

---

1. In particular, Defendants contend that Wagner gave a poor answer to one primary question and two follow-up questions about teaching legal analysis.

2. The Eighth Circuit states in its opinion that Wagner "applied, and was rejected, four additional times for an adjunct position: January 2007, March 2007, June 2008, and January 2009." 664 F.3d at 268. It appears, however, that the first two referenced dates are the dates Wagner was rejected for the full-time and first adjunct positions, respectively. *See* Am. Compl. ¶ 62 ("The plaintiff since March 2007 also applied in June 2008 and January 2009 for an adjunct writing instructor position and the University did not grant plaintiff an interview for any of the adjunct positions and Dean Jones refused to consider her for hiring.").

trial in this case: 1) performance or student evaluations of employees that were selected, instead of Plaintiff, for positions at the University of Iowa; 2) the application and/or appointment of Plaintiff to any Boards or Commissions subsequent to the hiring for the positions at issue; 3) the procedural history of the case; and 4) news coverage, political commentary, or political campaigns occurring after the hiring decisions in this case. Clerk's No. 76. Plaintiff does not resist exclusion of the third and fourth items. Clerk's No. 78 at 2. Plaintiff also "does not resist, pending ruling on plaintiff's motion in limine regarding mitigation of damages," exclusion of the second item.[3] Accordingly, Defendants' Motion is granted as to those items; only the first item in Defendants' Motion in Limine requires further discussion.

### 1. *Matt Williamson.*

As noted, Williamson was awarded the first full-time · LAWR position for which Wagner applied in early 2007. Following his first semester of teaching, Williamson received poor reviews from his students, offered to resign, but was encouraged to continue teaching in Spring 2008. *See* Am. Compl. ¶ 63. Plaintiff intends to present at trial Williamson's Fall 2007 evaluations. Pl.'s Mem. of Law in Supp. of Resistance to Defs.' Mot. in Limine at 1.

Defendants argue that Williamson's performance in Fall 2007 is irrelevant because, at the time Jones decided to hire Williamson rather than Wagner, she "could not have known how Williamson or any other individual would perform. All she knew were the qualifications the individuals presented and the recommendations she received from the faculty. The legality of her decision must be judged by the facts existing at the time of the decision." Defs.' Br. in Supp. of Mot. in Li-

mine at 1–2. According to Defendants, "[e]vidence about the subsequent performance of the individuals hired ... does not make it more or less likely that Wagner was discriminated against." *Id.* at 2.

Plaintiff counters that she is not offering Williamson's poor performance reviews to demonstrate that Jones made the wrong decision in hiring him. Rather, Plaintiff argues that Williamson's performance reviews are "being offered to show that Dean Jones' reason for continuing to reject [Plaintiff] for not only the original full-time position in January, 2007, but the positions thereafter, is pretextual." Pl.'s Mem. of Law in Supp. of Resistance to Defs.' Mot. in Limine at 2. In particular, Plaintiff points out that Jones testified in deposition that Plaintiff "flunked" her job talk during her interview process and that this was the reason she was not considered for positions with the University. *Id.* at 2–3. According to Plaintiff, Williamson's reviews demonstrate pretext because Williamson was given "second chances [to continue teaching in the LAWR position] after absolutely abysmal student ratings in his first semester in the fall of 2007," whereas Plaintiff was never given another chance to be considered for any position with the University after allegedly answering a single set of questions poorly in her January 2007 interview.

██ Federal Rule of Evidence 401 provides that evidence is relevant if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The Court agrees with Plaintiff that Williamson's evaluations *may* be relevant to show pretext. Jones generally contends that Plaintiff's poor job talk precluded her from consideration for the initial LAWR posi-

---

**3.** To the extent that Plaintiff qualifies her resistance to Defendants' second in limine item, the Court will address the matter in its discussion of Plaintiff's Motion in Limine.

tion and also from any subsequent position. A reasonable jury, however, confronted with Williamson's "second chance" after his exceedingly poor performance in the LAWR position, could conclude that Jones' stated reason is unworthy of credence, particularly when it comes to Plaintiff's attempts to obtain LAWR positions *after* Williamson's poor reviews. *See Dreger v. Mid–Am. Club,* No. 95C4490, 1998 WL 102931, at *3–4 (N.D.Ill. Mar. 5, 1998) (overruling a motion in limine that sought to exclude evidence of performance by plaintiff's replacement); *Durso v. Wanamaker,* 38 F.E.P. 1127, 1127 (E.D.Pa.1985) ("The relevance of such evidence stands on a different footing than the evidence defendants wish to introduce: the facts of poor performance by a successor and better treatment of that successor despite his poor performance were relevant to a showing of differential treatment, which in turn was relevant to plaintiff's claim of pretext." (citation omitted)); *Berggruen v. Caterpillar, Inc.,* No. 92C5500, 1995 WL 708665, at *5 (N.D.Ill. Nov. 29, 1995) ("[T]he Court cannot discount the possibility that [evidence of subsequent performance by individuals selected over plaintiff for promotions] may be relevant to proving pretext."). Accordingly, at this early stage of the proceedings, Defendants' Motion in Limine regarding Williamson's reviews is denied. Should Plaintiff seek to offer such evidence during trial, Defendants remain free to make any necessary record, and to request an appropriate limiting instruction if trial objections regarding admissibility are overruled.

### 2. *Dawn Anderson.*

Plaintiff seeks to offer at trial Anderson's teaching evaluations from Fall 2006, Spring 2007, and Fall 2007. Defendants again argue that such evaluations are irrelevant to any issue in the case. Plaintiff correctly points out, however, that Anderson's evaluations from Fall 2006 *predate* the decision process for the adjunct position that Anderson was awarded in March 2007, and that the Spring and Fall 2007 evaluations *predate* the decision process for the full-time LAWR position awarded to Anderson in January 2009. As such, the Court must agree with Plaintiff that Anderson's evaluations are "doubly relevant—they are relevant to Dawn Anderson's qualifications at the time she was awarded [positions] over [Plaintiff], and further relevant to the issue of pretext." [4] Pl.'s Mem. of Law in Supp. of Resistance to Mot. in Limine at 6.

### B. *Plaintiff's Motion in Limine*

Plaintiff moves in limine that the Court exclude from evidence at trial: 1) any reference to settlement discussions or negotiations; 2) that any amount recovered by Plaintiff will or will not be subject to taxation; 3) any opinion testimony not disclosed in discovery by Defendants as required by Federal Rule of Civil Procedure 26(a) and the deadlines of the Pre–Trial Order in this case; 4) any evidence or testimony from any witness not specifically disclosed in discovery by Defendants; 5) any reference to Plaintiff's failure to mitigate damages; 6) Defendants' Exhibits 153–63; 7) any reference to job duties and responsibilities of Plaintiff in her present employment position; 8) arguments to the jury or questions of witnesses concerning the financial impact that a judgment entered against the defendants may or would have on taxpayers of the State of Iowa; 9) any reference to or jury instruction re-

---

**4.** As was the case with Williamson, a reasonable jury could find that Jones' refusal to give Plaintiff a "second chance" for a position with the University on the basis of her "failed" job talk is unworthy of credence given the fact that Jones opted to give Anderson multiple "second chances," even in the face of poor student evaluations.

garding Defendants' qualified immunity as to the 2008 and 2009 job openings. Plaintiff also requests that the Court enter a pretrial ruling permitting her to show the jury her published works, but not provide such published works to the jury directly for review. Defendants do not resist the first, second, and eighth items in Plaintiff's Motion. Plaintiff's Motion is, therefore, granted as to those items. The Court will address the remaining items in turn.

### 1. *Plaintiff's third and fourth items.*

Plaintiff argues that Defendants should be prohibited from offering at trial any previously undisclosed opinion testimony (third item) and any evidence or testimony from witnesses not specifically disclosed in discovery (fourth item). Defendants contend they cannot properly respond to Plaintiff's Motion without more information about *what* evidence or testimony Plaintiff contends would be inadmissible. Defs.' Br. in Supp. of Resistance to Pl.'s Mot. in Limine at 1. The Court agrees that no ruling in limine is possible on the basis of the present record. Should Defendants offer testimony or evidence at trial that Plaintiff finds improper, however, Plaintiff is free to lodge an objection.

### 2. *Plaintiff's fifth item.*

Plaintiff argues that Defendants should be barred from presenting any testimony or evidence at trial in support of Defendants' affirmative defense that Plaintiff has failed to mitigate her damages. Pl.'s Mem. of Law in Supp. of Mot. in Limine #5 (Clerk's No. 77–1) at 1–4. According to Plaintiff, Defendants have not produced any evidence of Plaintiff's failure to mitigate, and have not disclosed any witnesses who have personal knowledge of facts that would support Defendants' affirmative defense. *Id.* at 1. In particular, Plaintiff points out that Jones indicated no knowledge of Plaintiff's failure to mitigate in her deposition, and that Defendants have iden-

tified only Plaintiff herself as a witness who can testify regarding mitigation. *Id.* at 3. "Defendants cannot meet their burden of proving that Plaintiff failed to mitigate her damages simply by calling Plaintiff to testify that she was unsuccessful in obtaining any alternative employment." *Id.* at 3–4 (citing *Prine v. Sioux City Cmty. Sch. Dist.*, 95 F.Supp.2d 1005, 1012–13 (N.D.Iowa 2000)).

Defendants agree that they carry the burden of proving Plaintiff's failure to mitigate, but argue that "Plaintiff's argument is premature" given that "Defendant[s] [have not yet had] the opportunity to present evidence regarding mitigation." Defs.' Resp. to Pl.'s Mot. in Limine (Clerk's No. 80) at 1–2. "There is no burden that Defendants must meet at this time to be permitted to present evidence. No dispositive motions are pending. Defendants properly pled the affirmative defense [and] intend to present evidence to support that defense at trial." Defs.' Br. in Supp. of Resistance to Pl.'s Mot. in Limine (Clerk's No. 80–1) at 2.

None of the cases cited by Plaintiff in her brief support a conclusion that Defendant should be barred from presenting evidence in support of their mitigation defense at trial. *See Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1106 (8th Cir. 1996) (affirming trial court's award of front pay made *after trial*, and finding that defendant had not sustained burden of proving that plaintiff failed to mitigate damages); *Smith v. World Ins. Co.*, 38 F.3d 1456, 1465 (8th Cir.1994) (finding that mitigation instruction given at trial was insufficient to adequately apprise jury of substantive law); *Prine*, 95 F.Supp.2d at 1012–13 (determining *after trial*, in considering a front pay award, that defendant had failed to meet its burden to prove that plaintiff had failed to mitigate damages); *Gilster v. Primebank*, 884 F.Supp.2d 811,

867–58 (N.D.Iowa 2012) (awarding front pay *after trial* and after concluding that defendant had not presented sufficient evidence of failure to mitigate); *Vasconez v. Mills,* 651 N.W.2d 48, 53 (Iowa 2002) (affirming trial court's conclusion that the trial record contained insufficient proof to support giving a jury instruction on mitigation).[5] Indeed, the proper approach is to permit Defendants to present whatever evidence they may have at trial. Should Defendants fail to proffer sufficient evidence to sustain their burden of proof, the Court will decline to instruct the jury on Defendants' mitigation defense.

### 3. *Plaintiff's sixth item.*

Plaintiff seeks in her sixth item to bar Defendants from presenting Exhibits 153–63 at trial, arguing that "Paragraph 2 of defendants' motion in limine states: 'The application and/or appointment of Plaintiff to any Boards or Commissions subsequent to the hiring for the position at issue. Evidence of Plaintiff's qualifications after the hiring decisions were made is not relevant.' " [6] Pl.'s Mot. in Limine at 2. Defendants counter that, though dated after January 2009, all of these exhibits are relevant to Defendants' mitigation defense. Defs.' Resp. to Pl.'s Mot. in Limine at 3.

At this point, the Court sees no reason to prevent Defendants from offering Exhibits 153–63 at trial. Should Plaintiff have a continued dispute over admission of these exhibits once they are viewed in the context of Defendants' mitigation evidence at trial, Plaintiff remains free to object.

### 4. *Plaintiff's seventh item.*

Plaintiff requests that the Court preclude Defendants from offering at trial any reference to Plaintiff's job duties and responsibilities in her present employment positions. Pl.'s Mot. in Limine at 3. Specifically, Plaintiff asserts that her "three part-time jobs are only relevant on the issue of her present earnings which may be considered by the jury in assessing lost earnings." *Id.*

Defendants respond Plaintiff has worked in the University's Writing Center since 2006. Defs.' Resp. to Pl.'s Mot. in Limine at 3. "Her job duties in that position are relevant to her qualifications for the LAWR positions at issue in this case. Defendants are entitled to explore Wagner's job performance and ability." *Id.*

The Court agrees that, since Wagner has held the Writing Center job since 2006, her job duties and responsibilities in that position are relevant to her

**5.** Plaintiff cites *Rusch v. Midwest Industries Inc.* as stating, "Defendant has the burden to produce substantial evidence supporting a failure-to-mitigate claim prior to the admission of evidence related thereto." Pl's Mem. of Law in Supp. of Mot. in Limine # 5 at 2 (quoting *Rusch,* No. 10–cv–4110, 2012 WL 2873871, at *1 (N.D.Iowa July 12, 2012) (citing *Vasconez,* 651 N.W.2d at 53–54)). The issue before the court in *Rusch,* however, was whether defendants' expert would be permitted to testify that the plaintiff had failed to make a good faith or reasonable effort to secure a job. 2012 WL 2873871, at *1. The court determined that the expert testimony could not be permitted under *Daubert* "[u]ntil such time as Defendant [first] submits additional information with this Court indicating

how they plan to produce substantial evidence that other work was available to Plaintiff." *Id.* at *1–3 (discussing *Daubert v. Merrell Dow Pharm. Inc.,* 509 U.S. 579, 589–90, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). The *Rusch* court did not hold that courts should routinely bar defendants from putting on *any* evidence at trial without first making a pretrial showing of likely success, as Plaintiff seems to suggest.

**6.** Plaintiff also asserted that if Defendants were barred from presenting any mitigation defense at trial, these same exhibits should be excluded. Pl.'s Mot. in Limine at 2. However, as discussed in § II.B.2, the Court will not bar Defendants from attempting to present evidence of this defense at trial.

qualifications for the positions she claims she was improperly denied. The Court also agrees that Plaintiff's earnings in any of her three part-time positions are relevant for the jury's consideration of lost earnings. Accordingly, given that the Court is unaware of precisely how far Defendants intend to delve into these matters, the best approach at this point is to deny Plaintiff's motion in limine. Plaintiff may, of course, lodge an objection or request a limiting instruction should she believe that Defendants' presentation of evidence delves into unnecessary or irrelevant subject matter.

### 5. *Plaintiff's ninth item.*

Plaintiff requests that the Court preclude any reference to or jury instruction regarding Defendants' affirmative defense of qualified immunity. Pl.'s Mot. in Limine at 3. Defendants counter that they are entitled to qualified immunity from Wagner's claims that her due process and equal protection rights have been violated because "[n]o reasonable person in the Dean's position would have known that her conduct violated Wagner's constitutional rights." Defs.' Resp. to Pl.'s Mot. in Limine at 3 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

Though Plaintiff points to the Eighth Circuit's decision in this case as precluding Defendants' qualified immunity defense, that decision notably dealt only with Plaintiff's 42 U.S.C. § 1983 claim to the extent that Plaintiff "allege[d] that Dean Jones violated her First Amendment rights of political belief and association." *Wagner*, 664 F.3d at 268. The Circuit opinion did not address qualified immunity to the extent Plaintiff asserts § 1983 claims premised on equal protection or due process. *See generally id.* Indeed, those terms do not even appear in the Eighth Circuit's opinion.

Because the Court is uncertain whether Plaintiff is still attempting to pursue independent due process and equal protection § 1983 claims in addition to her First Amendment § 1983 claim, the Court cannot say that Defendants are flatly prohibited from raising any qualified immunity issues. Nonetheless, the parties shall refrain from mentioning qualified immunity in the presence of the jury without first seeking leave of Court.

### 6. *Plaintiff's request to show published works to the jury, but not provide them to the jury for review.*

Plaintiff finally requests that she be granted leave to "demonstrate to the jury Plaintiff's published works, (i.e., books and articles she wrote/published as well as book[s] she edited)," but "would further request that these publications *not* be produced to the jury." Pl.'s Mot. in Limine at 5. According to Plaintiff, her "conservative political views are clearly an issue in this case," and her published works demonstrate that her stance on "conservative/pro-life causes" would have been readily apparent to the faculty considering her employment. *Id.* Plaintiff is concerned, however, that if the works themselves are published to the jury, the trial could be converted into a "referendum on the pro-life movement, for or against." *Id.*

Defendants respond that they are "unclear what Plaintiff is requesting on this issue. It is not permissible to show material to the jury that has not been admitted into evidence." Defs.' Resp. to Pl.'s Mot. in Limine at 3. The Court must preliminarily agree with Defendants and conclude that Plaintiff's request is not the proper subject of a motion in limine. Plaintiff's counsel is encouraged to work with Defendants' counsel to reach some sort of stipulation on this issue. If no such stipulation can be reached, the parties can bring the matter to the Court's attention on the

record during trial, but outside the presence of the jury.

### C. *Defendants' Second Motion in Limine*

Defendants request that the Court preclude Plaintiff from offering at trial: 1) any evidence or testimony from a witness that was not timely disclosed under Federal Rules of Civil Procedure 26(a), 33, and 34; and 2) any negative inference from the destruction of the tape recording of Plaintiff's job talk. Defs.' Second Mot. in Limine at 1. Defendants' motion is granted as to the first item because Plaintiff does not resist it. Pl.'s Resp. to Defs.' Second Mot. in Limine at 1.

As to its second request, Defendants contend that the destruction of Plaintiff's job talk tape does not give rise to any negative inference because Judge Wolle found in his summary judgment ruling that no such negative inference should be given. Defs.' Br. in Supp. of Second Mot. in Limine at 2. "Plaintiff did not appeal this ruling, and therefore, it is the law of this case. ... Wagner may not now ask for an adverse inference based on the destruction of the videotape, since this issue has already been decided." *Id.*

Plaintiff resists Defendants' request, pointing out that they are "simply wrong that this is 'the law of this case.'" Pl.'s Mem. of Law in Supp. of Resistance to

Second Mot. in Limine # 2 at 2. The Court must agree. Judge Wolle explicitly stated in an Order on Plaintiff's Motion to Alter or Amend the grant of summary judgment in favor of Defendants that his summary judgment order "did not go beyond determining that defendant Jones was entitled to qualified immunity," noting that the "court limited itself to the evidence in the record and the sole question presented: did [Jones] act in conformity with what a reasonable official in her position would believe was constitutionally permissible when she accepted the faculty recommendation not to hire Wagner." Clerk's No. 52.

▮ To the extent that Defendants would otherwise seek to prevent Plaintiff from mentioning the destruction of the job talk tape, their request is denied. Plaintiff is free to examine witnesses regarding the existence and destruction of the tape, just as Defendants are free to offer evidence showing that the tape was recycled in accordance with normal University procedures. The question of whether an adverse inference instruction will ultimately be given the jury, however, remains for the Court to decide after presentation of all evidence in the case.[7]

### D. *Defendants' Third Motion in Limine*

Defendants Third Motion in Limine seeks "an order instructing counsel not to

---

7. The Court notes that the bar for giving such an instruction is quite high because an "adverse inference instruction is a powerful tool in a jury trial. When giving such an instruction, a federal judge brands one party as a bad actor, guilty of destroying evidence that it should have retained for use by the jury. It necessarily opens the door to a certain degree of speculation by the jury...." *Morris v. Union Pac. R.R.*, 373 F.3d 896, 900–01 (8th Cir.2004). Thus, "there must be a finding of intentional destruction indicating a desire to suppress the truth" before an adverse inference instruction is justified. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir.2004) (stating also that when documents are destroyed pursuant to a document retention policy, the Court should additionally consider whether the document retention policy is reasonable considering the facts and circumstances surrounding those documents); *see also Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir.2007) (rejecting a spoliation instruction where data was destroyed even though "litigation was likely," because the "ultimate focus for imposing sanctions for spoliation of evidence is the intentional destruction of evidence indicating a desire to suppress the truth, not the prospect of litigation.").

present evidence, testimony, or statements" regarding "[a]ny exhibits not yet admitted into evidence" and "deposition transcripts." Defs.' Third Mot. in Limine. The Court notes that Defendants did not file a brief in support of the Motion or cite any authorities, as required by the Local Rules. *See generally* LR 7. Regardless, the Court denies the Motion in Limine at this point in time. Should Plaintiff attempt to present a previously undisclosed exhibit or deposition transcript at trial, Defendants are free to lodge an appropriate objection.

## III. CONCLUSION

For the reasons stated herein, Defendants' Motion in Limine (Clerk's No. 76), Plaintiff's Motion in Limine (Clerk's No. 77), and Defendants' Second Motion in Limine (Clerk's No. 84) are all GRANTED IN PART and DENIED IN PART, consistent with the terms of this Order. Defendants' Third Motion in Limine (Clerk's No. 98) is DENIED.

IT IS SO ORDERED.