NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SORRELL HOLDINGS, LLC,**
*Plaintiff-Appellant*

**v.**

**INFINITY HEADWEAR & APPAREL, LLC,**
*Defendant-Appellee*

---

2022-1964

---

Appeal from the United States District Court for the Western District of Arkansas in No. 4:16-cv-04019-BAB, Chief Magistrate Judge Barry A. Bryant.

---

Decided:  February 5, 2024

---

GAVIN B. PARSONS, Coats & Bennett, PLLC, Cary, NC, argued for plaintiff-appellant.  Also represented by DAVID E. BENNETT; ROBERT KATZ, Katz PLLC, Dallas, TX.

MARTIN A. KASTEN, Friday, Eldredge & Clark, LLP, Little Rock, AR, argued for defendant-appellee.  Also represented by KAEL K. BOWLING, MARSHALL NEY, Rogers, AR.

---

Before STOLL, CUNNINGHAM, and STARK, *Circuit Judges*.

STOLL, *Circuit Judge*.

Sorrell Holdings, LLC appeals the final judgment of the United States District Court for Western District of Arkansas in favor of Infinity Headwear & Apparel, LLC, finding noninfringement of Sorrell's U.S. Patent No. 6,887,007. Sorrell challenges the district court's construction of certain claim terms, as well as the court's grant of attorney's fees and costs to Infinity for a discovery violation. Because we conclude that the district court erred in its claim construction and that the district court did not abuse its discretion in awarding attorney's fees and costs, we affirm-in-part, vacate-in-part, and remand.

## BACKGROUND

Sorrell's '007 patent relates to hand-held washing devices, or loofahs. As show in patent figure 10 below, the washing device contains a "scrubber 20 made of an elongated mesh material gathered together to form a plurality of pleats." '007 patent, col. 2 ll. 35–37.



**FIG. 10**

*Id.* Fig. 10.

A "cinch 30 extends around and holds the pleats together." *Id.* at col. 2 ll. 37–38.  The scrubber can include a handle which could serve as a fluid dispenser 44 and be "given an aesthetically pleasing shape." *Id.* at col. 3 ll. 27–30, col. 5 ll. 17–18.

Claim 11 is the only claim at issue in this appeal, and recites:

11.  A washing device comprising:

> a scrubber made of a foraminous material and gathered to form a pleated ball;
>
> a *figurative handle* coupled to the scrubber; and
>
> a *cinch* for binding the foraminous material into the pleated ball and forming a loop extending around at least a portion of said handle to secure the handle to the scrubber.

*Id.* at col. 6 ll. 27–35 (emphases added to highlight disputed limitations).

Sorrell filed suit against Infinity, alleging that Infinity's MascotWear™ product infringed claim 11 of the '007 patent.  The district court construed the term "cinch" to mean a "string, elastic band, or metal band which does not directly contact the user when bathing" and the term "figurative handle" to mean "a figure, resemblance, or likeness which is designed especially to be grasped by the hand." *Sorrell Holdings, LLC v. Infinity Headwear & Apparel, LLC*, No. 4:16-cv-04019, 2018 WL 4356601, at *3–6 (W.D. Ark. Sept. 12, 2018) (Claim Construction Order).

A month before trial, in October 2021, Sorrell produced various documents it intended to use at trial, including, for the first time, the assignment of the '007 patent to Sorrell. Infinity moved to exclude all documents that were not disclosed prior to the April 3, 2020 discovery cutoff deadline.

The district court granted the motion.  Because the assignment was not produced prior to the discovery cutoff deadline, Sorrell moved to allow entry of the assignment and maintenance fee statements, which the district court denied.  Infinity then filed a motion to dismiss on the ground that Sorrell could not prove standing without the assignment.  The district court denied the motion to dismiss and instead continued the trial so that Infinity could conduct discovery regarding the assignment.  The district court also granted Infinity's motion for attorney's fees and costs associated with the continuance.

Following trial, the jury returned a verdict in favor of Infinity, finding noninfringement of the '007 patent and the district court entered judgment accordingly.  Sorrell appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

On appeal, Sorrell challenges the district court's claim constructions of the terms "cinch" and "figurative handle" and the district court's grant of attorney fees and costs to Infinity.  We address each issue in turn.

## I

We start by addressing the district court's claim constructions of the terms "cinch" and "figurative handle."  We review a district court's claim construction based solely on intrinsic evidence de novo.  *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 331 (2015).

The district court erred by reading in limitations from the '007 patent specification when interpreting the term "cinch" to require that it does not directly contact the user.  We start with the claim language and the claim language here does not state that the cinch does "not directly contact the user," as required by the district court's claim construction.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) ("[T]he claims are 'of primary importance, in the effort to ascertain precisely what it is that

is patented.'" (quoting *Merrill v. Yeomans*, 94 U.S. 568, 570 (1876))). As for the district court's reliance on the specification, we have repeatedly held that courts should not read limitations from the specification into the claims. *See Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 904 (Fed. Cir. 2004) ("[I]t is improper to read a limitation from the specification into the claims.") (citations omitted); *see also Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1326 (Fed. Cir. 2002) ("That claims are interpreted in light of the specification does not mean that everything expressed in the specification must be read into all the claims.") (citation omitted). While the specification does state that the "cinch 30 . . . do[es] not directly contact the user when bathing with the device 10 as it may be abrasive or otherwise uncomfortable to the user," '007 patent, col. 3 ll. 51–53, this is in a paragraph referring to specific embodiments. *See id.* col. 3 ll. 28–55 (referencing "another embodiment," "[i]n one embodiment," and "[i]n another embodiment"). In our view, a person of ordinary skill in the art would understand this statement as describing a preferred embodiment and not defining "cinch" or disclaiming all cinches that do contact the user. *See Liebel-Flarsheim Co.*, 358 F.3d at 913 ("[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited.") (citations omitted); *Bayer AG v. Biovail Corp.*, 279 F.3d 1340, 1348 (Fed. Cir. 2002) ("[A] court may not read into a claim a limitation from a preferred embodiment, if that limitation is not present in the claim itself."). As such, without this additional no-contact requirement, a "cinch" should be construed as a string, elastic band, metal band, or similar fastening device.

The district court also erred in its construction of the term "figurative handle." Specifically, the court's construction erroneously required that the figurative handle be

"designed especially to be grasped by the hand," which improperly suggested a design intent requirement. Claim Construction Order, 2018 WL 4356601, at *4. Direct infringement has no intent element and for an "accused device[] to be infringing, [it] need only be capable of operating" in the infringing manner. *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991). Accordingly, the "figurative handle" should be construed without the intent element as a figure, resemblance, or likeness which can be grasped by the hand.

As the trial substantially concerned whether Infinity's accused device satisfied the "cinch" and "figurative handle" limitations as construed by the district court, we find both claim construction errors prejudicial and thus vacate the district court's judgment of noninfringement and remand for further proceedings under the correct claim construction.

## II

We turn to the district court's grant of attorney's fees and costs. In reviewing the district court's discovery rulings and grant of sanctions, "we are guided by regional circuit law." *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1297 (Fed. Cir. 2016). In the Eighth Circuit, discovery rulings and imposition of sanctions are reviewed for an abuse of discretion and relief is granted only "where the errors amount to gross abuse of discretion resulting in fundamental unfairness." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (citation omitted); *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007).

We conclude that the district court did not abuse its discretion in awarding attorney fees and costs to Infinity when Sorrell failed to produce the patent assignment until a month before trial. After noting that Sorrell's nondisclosure was inadvertent and that Sorrell's lawyer candidly admitted that he did not have an excuse for the failure to disclose, the district court delayed trial by sixty days. The

SORRELL HOLDINGS, LLC v.                                    7
INFINITY HEADWEAR & APPAREL, LLC

district court determined that under these circumstances, a lesser sanction of "fees and costs associated with [the] continuance" would be preferable to excluding the assignment altogether, which would have resulted in dismissal. J.A. 1039. We cannot say that the district court abused its discretion by awarding the costs and fees. While it is true that the '007 patent assignment is a public record and the record below includes evidence suggesting that Infinity knew of the assignment, it is also true that Sorrell did not comply with its discovery obligations and the district court issued lesser sanctions in light of these facts.

We also do not view the district court's mistaken reference to production of the assignment just three days prior to trial as clear error. Rather, we view this as a stray (albeit incorrect) comment in light of the fact that elsewhere, both the court and the parties correctly recognized that the assignment was produced a month prior to trial. Thus, we affirm the district court's grant of attorney's fees and costs to Infinity.

## CONCLUSION

For the foregoing reasons, we affirm the district court's grant of attorney's fees, vacate the district court's judgment of noninfringement, and remand for proceedings consistent with this opinion.

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**

COSTS

No costs.