# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1430

_____

Rufus J. Ervin, Sr.,                *
                                      *

        Appellant,       *

                                        *    Appeal from the United States
     v.                   *    District Court for the Eastern
                                        *    District of Missouri.

Don Roper,                  *

                                        *       [UNPUBLISHED]
        Appellee.       *

_____

Submitted: September 30, 2005
Filed: October 26, 2005

_____

Before MELLOY, MAGILL and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rufus J. Ervin, Sr. petitioned the district court for a writ of habeas corpus. The case was initially assigned to The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri. It was then assigned to The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri. It was then referred to The Honorable Lewis M. Blanton, Magistrate Judge for the Eastern District of Missouri, pursuant to 28 U.S.C. § 636(b)(1), for "report and recommendation on dispositive matters and for rulings on all non-dispositive matters." Ervin later filed a motion to appoint counsel which was denied without prejudice. Ervin then filed a motion for reconsideration of the denial

of his motion to appoint counsel.  This motion was also denied without prejudice.  Ervin timely appeals the denial of his motion to appoint counsel and moves for the appointment of appellate counsel.

If a magistrate judge is assigned a case pursuant to 28 U.S.C. § 636(c), which requires the consent of both parties, the decisions of that judge may be appealed to the United States Court of Appeals in the same manner as if they are judgments of the district court.  28 U.S.C. § 636(c)(3).  However, when, as here, the magistrate judge is referred the case pursuant to 28 U.S.C. § 636(b), the parties may not appeal directly to this court from an order of the magistrate judge. Loewen-America, Inc. v. Advance Distrib. Co., 673 F.2d 219, 220 (8th Cir. 1982).  Because Ervin did not appeal the magistrate judge's decision to the district court, there is no final judgment by the district court, and this Court lacks jurisdiction to hear the appeal.  Id.; Daley v. Marriott Int'l, Inc., 415 F.3d 889, 893 n.9 (8th Cir. 2005) ("[W]hen . . . a litigant could have tested a magistrate's ruling by bringing it before the district judge, but failed to do so within the allotted ten-day period [in Rule 72(a)], he [or she] cannot later leapfrog the trial court and appeal the ruling directly to the court of appeals.") (quoting Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993)) (omission and second alteration in original).

Even though this particular jurisdictional argument was not raised by either party below, "when the record indicates jurisdiction may be lacking, we must consider the jurisdictional issue sua sponte." Bilello v. Kum & Go, LLC, 374 F.3d 656, 659 (8th Cir. 2004).  Thus, for the foregoing reason, we dismiss the appeal for lack of jurisdiction.  Consequently, Ervin's pending motion for appointment of appellate counsel is dismissed as moot.

_____