# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-2871
_____

Paul Gillpatrick; Niccole A. Wetherell

*Plaintiffs - Appellees*

v.

Scott Frakes, Director, in their official capacities

*Defendant - Appellant*

Denise Davidson, Warden, in their official capacities; Robert Madsen, Warden, in their official capacities

*Defendant*s

Michele Capps, in her official capacity as Warden of the Nebraska State Penitentiary; Angela Folts-Oberle, in her official capacity

*Defendants - Appellants*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 18, 2020
Filed: May 19, 2021
_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.
_____

BENTON, Circuit Judge.

Paul M. Gillpatrick filed a suggestion of death for his co-plaintiff, Niccole A. Wetherell. *See* **Fed. R. App. P. 43**. Because they can no longer marry, the appeal of the merits judgment is moot. *See* ***Gillpatrick v. Frakes***, 2019 WL 7037367, at \*8 (D. Neb. June 7, 2019). The "happenstance" of Wetherell's death moots the appeal of the merits judgment, so vacatur of it is appropriate. *See* ***U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship***, 513 U.S. 18, 23 (1994). *See generally* ***Arizonans for Official English v. Arizona***, 520 U.S. 43, 71 (1997) ("Vacatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties . . . ."); ***Robinson v. Pfizer, Inc.***, 855 F.3d 893, 898 (8th Cir. 2017) ("Once a case pending appeal becomes moot, federal appellate courts may dispose of the case as justice may require."); **28 U.S.C. § 2106**.

In their initial brief, the appellants did not make any "meaningful argument" against the separate attorney's fees judgment. *See* ***Chay-Velasquez v. Ashcroft***, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived."). *See also* ***Cox v. Mortg. Elec. Registration Sys., Inc.***, 685 F.3d 663, 674 (8th Cir. 2012) (stating that appellants "waived [an] issue by failing to provide a meaningful explanation of the argument and citation to relevant authority in their opening brief"). Normally, this failure waives any attack on that judgment. *See* ***Sipe v. Workhouse Custom Chassis, LLC***, 572 F.3d 525, 528 n.2 (8th Cir. 2009) (appellant waived argument by failing to include it in his appellate brief even though he listed it in his notice of appeal), *citing* ***Jenkins v. Winter***, 540 F.3d 742, 751 (8th Cir. 2008).

After the case was submitted for decision, this court requested briefing on "the effect of the suggestion of death." In their responding briefs, the parties dispute whether the merits judgment's mootness affects the district court's attorney's fees judgment. *See* ***Gillpatrick v. Frakes***, 2019 WL 3944059, at \*5 (D. Neb. Aug. 21, 2019). In the absence of appropriate findings of fact—including prevailing party status, any acts by the parties between the entry of the merits judgment and its stay

order, and the amount of attorney's fees that should be awarded—this court will not address the attorney's fees judgment at this time.

* * * * * * *

The district court's merits judgment is vacated, and the case remanded for further proceedings consistent with this opinion.

_____