18-2454 (L)
*New York ex rel. James v. Griepp*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term 2019

(Argued:  September 26, 2019   Decided: August 26, 2021)

Docket Nos. 18-2454, 18-2623, 18-2627, 18-2630

_____

PEOPLE OF THE STATE OF NEW YORK by LETITIA JAMES, Attorney General of the State of New York,

*Plaintiff-Appellant—Cross-Appellee,*

v.

KENNETH GRIEPP, RONALD GEORGE, PATRICIA MUSCO, RANVILLE THOMAS, OSAYINWENSE OKUONGHAE, ANNE KAMINSKY, BRIAN GEORGE, SHARON RICHARDS, DEBORAH M. RYAN, ANGELA BRAXTON, JASMINE LALANDE, PRISCA JOSEPH, SCOTT FITCHETT, JR.,

*Defendants-Appellees—Cross-Appellants.*

_____

Before: LIVINGSTON, *Chief Judge*, CALABRESI, and POOLER, *Circuit Judges*.

_____

Appeal from an order of the United States District Court for the Eastern District of New York (Amon, *J.*) denying Plaintiff-Appellant's motion for a preliminary injunction against Defendants-Appellees for alleged violations of the federal Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248; the New York State Clinic Access Act ("State Act"), N.Y. Penal Law § 240.70; N.Y.

Civ. Rights Law § 79-m; and the New York City Access to Reproductive Health Care Facilities Act ("City Act"), N.Y.C. Admin. Code § 10-1001 *et seq.*

Defendants-Appellees cross-appeal from the district court's order. They challenge the district court's conclusions that the New York Attorney General may bring a *parens patriae* action under the City Act; that FACE, the State Act, and the City Act do not violate the First Amendment; and that the Attorney General is likely to succeed on the merits of her claim that defendant Brian George physically obstructed patient access to a reproductive health clinic in violation of FACE, the State Act, and the City Act. Defendants-Appellees further argue that the City Act's follow-and-harass and clinic-interference provisions are unconstitutionally vague.

We affirm the district court's denial of a preliminary injunction and remand for full consideration of the merits.

_____

Philip J. Levitz, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY, *for Plaintiff-Appellant—Cross-Appellee People of the State of New York.*

Adam S. Hochschild, Hochschild Law Firm, Plainfield, VT; Stephen M. Crampton, Thomas More Society, Tupelo, MS; and Martin A. Cannon (Michael G. McHale, *on the brief*), Thomas More Society, Crescent, IA, *for Defendants-Appellees—Cross-Appellants Kenneth Griepp, Ronald George, Patricia Musco, Ranville Thomas, Osayinwense Okuonghae, Anne Kaminsky, Brian George, Sharon Richards, Deborah M. Ryan, and Prisca Joseph.*

Richard Thompson, Thomas More Law Center, Ann Arbor, MI, *for Defendants-Appellees—Cross-Appellants Angela Braxton and Jasmine LaLande.*

Roger K. Gannam, Liberty Counsel, Orlando, FL, *for Defendant-Appellee—Cross-Appellant Scott Fitchett, Jr.*

Eva L. Jerome, Assistant Corporation Counsel (Richard Dearing and Jeremy W. Shweder, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of

New York, New York, NY, *for Amicus Curiae the City of New York in support of Plaintiff-Appellant—Cross-Appellee.*

Erin Beth Harrist (Arthur Eisenberg, *on the brief*), New York Civil Liberties Union, New York, NY, *for Amicus Curiae New York Civil Liberties Union in support of Plaintiff-Appellant—Cross-Appellee.*

Philip J. Vecchio, East Greenbush, NY, *for Amici Curiae 40 Days for Life, Pro-Life Action Ministries, Californians for Life, and Issues4Life Foundation in support of Defendants-Appellees—Cross-Appellants' petitions for rehearing or rehearing en banc.*

_____

GUIDO CALABRESI, *Circuit Judge*:

The Attorney General of New York appeals from an order of the United States District Court for the Eastern District of New York (Amon, *J.*) denying her motion for a preliminary injunction against certain anti-abortion protestors. *New York ex rel. Underwood v. Griepp*, No. 17-CV-3706, 2018 WL 3518527 (E.D.N.Y. July 20, 2018). The Attorney General sought an injunction based on the protestors' alleged violations of the federal Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248; the New York State Clinic Access Act ("State Act"), N.Y. Penal Law § 240.70; N.Y. Civ. Rights Law § 79-m; and the New York City Access to Reproductive Health Care Facilities Act ("City Act"), N.Y.C. Admin. Code § 10-1001 *et seq.*

The protestors cross-appeal.  They challenge the district court's holdings that the Attorney General may bring a *parens patriae* action under the City Act, *Griepp*, 2018 WL 3518527, at *25–29; that FACE, the State Act, and the City Act do not violate the First Amendment, *id.* at *29–30; and that the Attorney General is likely to succeed on the merits of her claim that defendant Brian George physically obstructed patient access to a reproductive health clinic in violation of FACE, the State Act, and the City Act, *id.* at *42.  The cross-appellants also ask us to declare unconstitutional the City Act's follow-and-harass and clinic-interference provisions, N.Y.C. Admin. Code § 10-1003(a)(3), (6), which they argue are void for vagueness.

While some members of this Court might have resolved the matter differently in the first instance, we hold that the district court did not abuse its considerable discretion in denying a preliminary injunction.  Because we do not disrupt the district court's determination that a preliminary injunction should not issue at this time, we do not reach the cross-appellants' challenge to the Attorney General's standing under the City Act or their constitutional challenges to FACE, the State Act, and the City Act.

## BACKGROUND

Following a yearlong investigation, the New York Attorney General filed this action against thirteen defendants who protested outside Choices Women's Medical Center ("Choices"), a reproductive health clinic in Queens, New York. Choices provides various medical services, including abortions. The Attorney General alleges that the defendants used and threatened to use force against Choices' patients and patient escorts, obstructed patient access to the clinic, followed and harassed patients near the clinic, and interfered with the clinic's operation, in violation of FACE, 18 U.S.C. § 248(a)(1); the State Act, N.Y. Penal Law § 240.70(1)(a)–(b); and the City Act, N.Y.C. Admin. Code § 10-1003(a)(1)–(4), (6). The Attorney General brings this action in the name of the State as *parens patriae* and seeks declaratory, injunctive, and monetary relief. *See* 18 U.S.C. § 248(c)(3); N.Y. Civ. Rights Law § 79-m; N.Y.C. Admin. Code § 10-1004.

On the same day she filed her complaint, the Attorney General filed a motion for a preliminary injunction. The defendants filed motions to dismiss shortly thereafter. Initially, the parties agreed to bypass the usual preliminary injunction procedure, expedite discovery, and proceed to trial. But the defendants later announced their intention to answer and file counterclaims if

their motions to dismiss were denied. The district court therefore restyled the trial as a preliminary injunction hearing.

After taking evidence and hearing argument, the district court denied the Attorney General's motion for a preliminary injunction. *Griepp*, 2018 WL 3518527, at \*49. The district court held that the Attorney General had failed to establish a likelihood of success on the merits as to most claims. *Id.* at \*33, \*35–40, \*43–44, \*46–48. As to the remaining claims, the district court denied an injunction because irreparable harm was not "actual and imminent" and there was no "reasonable likelihood that the wrong will be repeated." *Id.* at \*42, \*48 (quoting *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015); *City of New York v. Golden Feather Smoke Shop, Inc.*, 597 F.3d 115, 120–21 (2d Cir. 2010)). In the same memorandum and order, the district court rejected several claims contained in the defendants' motions to dismiss: the court held that the Attorney General had *parens patriae* standing to sue under the City Act, *Griepp*, 2018 WL 3518527, at \*25–29, and that FACE, the State Act, and the City Act did not violate the First Amendment, *id.* at \*29–30.

Both sides appealed. A divided panel of our Court affirmed in part, vacated in part, and remanded for further proceedings. *New York ex rel. James v.*

6

*Griepp*, 991 F.3d 81 (2d Cir. 2021), *reh'g granted and opinion vacated*, 997 F.3d 1258 (2d Cir. 2021). The majority opinion disagreed with some of the district court's evidentiary rulings and interpretations of FACE, the State Act, and the City Act. *See id.* at 96–126. It vacated the district court's denial of a preliminary injunction and remanded for further consideration. *Id.* at 134. That opinion, however, affirmed the district court's holdings that the Attorney General could bring a *parens patriae* action under the City Act; that FACE, the State Act, and the City Act did not violate the First Amendment; and that the Attorney General was likely to succeed on the merits of her claim that defendant Brian George physically obstructed patient access to Choices in violation of all three statutes. *See id.* at 128–33.

An opinion concurring in part and dissenting in part would have affirmed the district court's denial of a preliminary injunction under FACE and the State Act but would have reversed the district court's holding that the Attorney General could sue to enforce the City Act. *See id.* at 135–55 (Livingston, C.J., concurring in part and dissenting in part). It therefore did not consider the City Act and its possible bearing on the issuance of a preliminary injunction. *See id.* at 137 n.3, 139.

7

Another concurring opinion indicated that the Attorney General's authority to sue under the City Act was "uncertain," and that such uncertainty "strongly support[ed]" certification to the New York Court of Appeals. *Id.* at 134–35 (Calabresi, J., concurring). Nonetheless, the author of that opinion was "willing to forgo certification," albeit "reluctantly." *Id.* at 135.

The defendants asked us to rehear the case. We granted their petitions for rehearing and vacated our prior opinion. *Griepp*, 997 F.3d at 1258.

**DISCUSSION**

This is a case about a preliminary injunction. "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2948 (3d ed. 2021) (footnotes omitted); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In deciding whether to grant a preliminary injunction, a "district court has wide discretion," and "this Court reviews the district court's determination only for abuse of discretion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005).

In evaluating the motion for a preliminary injunction, the district court found that some of the actions taken by the defendants violated the relevant statutes and others did not. Once this case reaches the merits stage, the district court may choose to reconsider its findings, either way, as to violations. It may be particularly appropriate to reconsider whether there were violations of the City Act. This is because, before the district court, the Attorney General originally had argued that the City Act's provisions "mirror[ed]" similar provisions in FACE and the State Act, *Griepp*, 2018 WL 3518527, at *34, 40, while, on appeal, she contended that the City Act's provisions are broader in scope than their FACE and State Act analogs.

Crucially, however, at this stage and as to the violations it did find, the district court concluded that the Attorney General had not demonstrated irreparable harm. Some members of this Court might have reached different conclusions, both as to the existence of violations and as to the appropriateness of a preliminary injunction. But many of the issues are close ones, and we cannot say that the district court abused its considerable discretion in denying a preliminary injunction. *Cf. United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001) ("[W]e are mindful that a judge has not abused her discretion simply

9

because she has made a different decision than we would have made in the first instance.").

We note that the questions as to whether the Attorney General can sue under the City Act, the scope of the City Act, and its constitutional validity— should it be read to be significantly broader than FACE and the State Act— involve difficult, unresolved, issues of state law. But we do not deem it appropriate to certify to the New York Court of Appeals or to try to resolve these issues ourselves at the instant preliminary injunction stage.

Accordingly, we affirm the denial of the Attorney General's motion for a preliminary injunction and remand to the district court for a full consideration of the merits. In doing so, and consistent with prior holdings of our Court, we do not specifically affirm or question the array of evidentiary and factual findings made by the district court. Rather, we hold simply that the district court did not abuse its discretion in finding that preliminary injunctive relief was not warranted at this time. *See, e.g.*, *Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 129 (2d Cir. 2004) ("Although we are doubtful about certain aspects of the district court's findings, we are at the same time persuaded that [the district

court's] ultimate determination that plaintiff was not entitled to a preliminary injunction did not constitute an abuse of [its] discretion.").

## CONCLUSION

We AFFIRM the district court's denial of a preliminary injunction and REMAND this case for consideration on the merits.