# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2172
_____

Mark A. Mehner

*Plaintiff - Appellant*

v.

Furniture Design Studios, Inc., a New York Corporation; Panera, a Foreign
Limited Liability Company; John Doe, individuals; Jane Doe

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 13, 2025
Filed: July 11, 2025
_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Mark Mehner was sitting in a chair at an Omaha Panera in April 2017 when
the chair broke, injuring him. Mehner sued both Panera and Furniture Design
Studios (FDS), the chair manufacturer, for injuries from what he dubbed the

"exploding café chair." Following several discovery disputes, the district court[1] granted summary judgment to both FDS and Panera. The district court also affirmed the magistrate judge's[2] order denying Mehner's motion for spoliation sanctions after a Panera employee threw the broken chair away. Finally, the court also denied Mehner's motion for relief from judgment. Mehner now appeals both grants of summary judgment, several discovery rulings, the denial of sanctions, and the denial of relief from judgment. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

In April 2017, Mehner, a Panera regular, went to an Omaha Panera café with his wife and daughter for lunch. After ordering his food, he found a table, pulled out a chair, and sat down. The chair "didn't feel wobbly," and Mehner didn't notice any cracking on the chair or its legs or anything else amiss about it. But after about five minutes, the chair collapsed without warning, causing Mehner to fall on the floor. As a result, Mehner alleged, he suffered permanent injuries, including compression fractures to his spine.

The details of what occurred immediately after the collapse are partially disputed. The parties agree that Panera General Manager Michael McDonald brought an incident report to Mehner and his wife and filled out the report with them. Mehner claims he and his wife asked McDonald to preserve the chair and any surveillance video, and that he "specifically requested a copy of the handwritten incident report." He claims those requests were made on the incident report as well. McDonald had no recollection of such requests and denied any preservation requests

---

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

[2]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska, presiding over certain discovery motions pursuant to 28 U.S.C. § 636(b).

were made on the incident report. McDonald used the handwritten incident report to complete an online report, which he submitted to the Panera Support Center. He threw away the handwritten version. At the request of a Panera Support Center representative, McDonald also took three pictures of the broken chair and sent them to the support center. The representative also asked that McDonald "move [the chair] to a place where it will not be discarded" so that it could be shipped to the support center. Despite the warning, the chair was placed in a dumpster that night. McDonald stated that a dishwasher threw it away, though McDonald had not instructed anyone to do so.

In April 2021, Mehner sued Panera and FDS in Nebraska state court, asserting claims of negligence against both parties, spoliation against Panera, and strict liability against FDS. The case was subsequently removed to federal court under diversity jurisdiction. In December 2022, shortly after the time period for Mehner to disclose his experts had expired, FDS moved for summary judgment, arguing that because it had sent the chair to Panera nearly eight years before the incident and because Mehner had "failed to identify *any* expert to opine on the alleged defects in the chair," he would be unable to establish a genuine issue of material fact as to the elements of product defect and causation. The district court agreed, noting that while Mehner could feasibly establish defect or causation without an expert, he had not made any effort to do so and thus had not created a triable issue of fact. The court also denied Mehner's motion to defer ruling on the summary judgment motion, noting that Mehner's motion was submitted after discovery closed and was moot.

As the case proceeded against Panera, Mehner brought a litany of discovery motions. He first filed a motion to extend progression, asking the magistrate judge to reopen and reset the deadline for serving complete expert disclosures. The motion was denied because Mehner, who missed the initial deadline for expert disclosures and waited nearly five months to request an extension, had failed to establish good cause because he had not acted diligently. He next filed a motion to compel, accusing Panera of failing to fully respond to discovery requests. Following multiple conferences regarding the motion, the magistrate judge granted the motion in part

and denied it in part. Of particular note, the magistrate judge ordered Panera to further respond to Mehner's Request for Production No. 13, which requested documentation regarding "similar incident(s) concerning the [chair] . . . in any Panera store or café." But the judge noted that Panera reserved the right "to contact the court to discuss whether th[e] search [the judge ordered] was disproportionate to the needs of the case." A few weeks later, Panera did so. The company requested a protective order, arguing that complying with Request No. 13 would require more than 400 hours of work as well as employee interviews—an undue burden "disproportionate to the claims being made" because the results would largely be "irrelevant, overbroad, and burdensome." The magistrate judge agreed, granting Panera the protective order after determining that Mehner had not provided sufficient evidence of damages to justify this significant burden on Panera. Over Mehner's objection, the district court affirmed both of the magistrate judge's rulings.

In addition, Mehner sought spoliation sanctions against Panera for discarding the collapsed chair, the handwritten incident report, and any surveillance video.[3] Though the chair and handwritten report had undisputedly been thrown away, the magistrate judge, affirmed by the district court, declined to issue sanctions against Panera after finding that neither item was *intentionally* destroyed and that their absences did not prejudice Mehner.

Following discovery, Panera successfully moved for summary judgment. The district court, applying the premises liability framework, determined that Mehner had failed to establish sufficient evidence to create a triable fact on the first element—that Panera "either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition." Moreover, the district court rejected Mehner's res ipsa loquitur argument, noting that Mehner failed to establish Panera had breached a duty, that the chair was under Panera's exclusive control, and that the incident was the type that would not ordinarily occur in the

_____

[3]Panera provided screenshots showing no surveillance camera was positioned to capture Mehner's incident and thus no relevant surveillance footage was destroyed.

absence of negligence.  The district court also rejected Mehner's cause of action for "spoliation" as it was "not a separate claim."  Following the summary judgment order, Mehner filed a motion to revise, alter, or amend the judgment and for relief from the judgment, which the district court also denied.

Mehner appeals both grants of summary judgment, the denial of the motion to defer, the denial of his motion to extend the progression order, Panera's protective order, the order on his motion to compel and related discovery disputes, the order denying sanctions, and the order denying relief from judgment.

II.

We first consider Mehner's challenges to the district court's orders granting summary judgment both to FDS and Panera.  "This [C]ourt reviews de novo a grant of summary judgment."  Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  "[W]e view 'the facts and inferences to be drawn from them in the light most favorable to [the non-moving party],' but such facts 'must be properly supported by the record.'"  Turner v. XTO Energy, Inc., 989 F.3d 625, 628 (8th Cir. 2021) (citation omitted).  "Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Morrow v. United States, 47 F.4th 700, 704 (8th Cir. 2022) (citation omitted).  Further, "[a]s a federal court sitting in diversity jurisdiction, we apply the law that the forum state would apply."  Winthrop Res. Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001).

A.

Mehner first appeals the grant of summary judgment to FDS.  Mehner alleged negligent-design and strict-liability claims against FDS; FDS argued that Mehner had not produced sufficient evidence to establish product defect or causation—particularly because the chair had been out of FDS's possession for nearly eight years prior to the incident.  The district court determined that Mehner

-5-

had not "identif[ied] a specific defect in the chair[,] . . . state[d] how that defect or FDS's design caused it to break," or "provide[d] any credible evidence to support his claims against FDS." The district court determined that for products like this chair that have "been in service for years without incident," evidence was required "to support a reasonable inference . . . that FDS is liable." The court acknowledged that Mehner could conceivably survive summary judgment without any expert testimony on defect or causation, but noted that Mehner "simply hasn't done that." Mehner alleges two points of error: (1) the district court impermissibly granted summary judgment on a different basis than that urged by FDS, thus depriving Mehner of notice of the relevant arguments, and (2) the district court erred in determining that Mehner's evidence was insufficient to create a triable issue of fact. We reject both.

First, the district court's grant of summary judgment aligned with the reasoning urged by FDS. At summary judgment, FDS argued that because Mehner had "failed to disclose any liability expert to provide any opinion with respect to the alleged design defects in the chair," he was "unable to establish the elements of a product defect and causation." R. Doc. 20, at 3. Mehner argued that an expert was unnecessary, but did not point to any alternative evidence of a specific defect or causation. The district court then determined Mehner "fail[ed] to identify a specific defect in the chair and state how that defect caused it to break"—the same flaw highlighted by FDS. See R. Doc. 39, at 6-7. While "granting summary judgment on an issue not raised or discussed by the parties" without providing the losing party "notice and an opportunity to respond" is error, see Montgomery v. City of Ames, 749 F.3d 689, 697 (8th Cir. 2014), the district court did not do so here.

Further, the district court did not err in its merits determination. Mehner points to no evidence that the chair was defective when it was placed on the market or that the alleged defect caused his injury—two of the essential elements of his claim. See Pitts v. Genie Indus., Inc., 921 N.W.2d 597, 609 (Neb. 2019) (stating the elements of a products liability action in Nebraska). Mehner's argument about the adequacy of lay testimony to establish causation does not change this conclusion.

Mehner argues he should be permitted to proceed because he successfully established that expert testimony is not required in products liability cases. He relies on Laird v. Scribner Coop, Inc., 466 N.W.2d 798, 804 (Neb. 1991), in which the Nebraska Supreme Court noted that it had previously indicated that "[t]he reliance on eyewitnesses alone is not fatal [to establishing the defectiveness of a product] when the defect is *obvious to a layman*" (citation omitted). Putting aside that the plaintiff in Laird did present expert testimony on causation, see id., and that expert testimony typically is required to prove causation in Nebraska, see Pitts, 921 N.W.2d at 609, here, Mehner failed to create a factual dispute that the alleged defect caused his injury or that any defect was obvious to a layman. In fact, Mehner himself did not find the defect to be obvious; he later noted that, prior to its collapse, it "didn't feel wobbly," he saw no cracking on the chair or its legs, he perceived nothing amiss about it, and he did not know why it broke. In the absence of any showing from Mehner of "evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial'" regarding either the defect or causation, see Torgerson, 643 F.3d at 1042 (citation omitted), the district court did not err in granting FDS summary judgment.

## B.

Mehner also challenges the district court's grant of summary judgment in favor of Panera. The district court, after characterizing Mehner's claim as a premises liability claim, ruled for Panera because Mehner failed to "suppl[y] evidence that could allow a reasonable jury to find" that Panera "either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition." The court further rejected Mehner's res ipsa loquitur theory. Mehner contends the district court erred in (1) applying the premises liability framework, (2) determining that Panera did not create the condition, (3) finding that Panera did not have actual or constructive notice of the condition, and (4) denying Panera's res ipsa loquitur claim.

First, Mehner's argument that the district court improperly construed his negligence claim as one of premises liability fails. Mehner accused Panera of negligence in five ways:

(a)  Failing to make reasonable inspections of the chair . . . ;
(b)  Failing to maintain the wooden chair in a reasonably safe condition;
(c)  Failing to warn all of those persons who use the chair . . . of hazards . . . ;
(d)  Failing to repair or replace the chair prior to the incident in question;
(e)  Failing to maintain and/or utilize the chair as instructed so that Plaintiff could safely be seated.

As the district court pointed out, all of those allegations relate to premises liability—circumstances in which "an owner or occupier is subject to liability for injury to a lawful visitor resulting from a condition on the owner or occupier's premises." See Hodson v. Taylor, 860 N.W.2d 162, 174 (Neb. 2015); see also Sundermann v. Hy-Vee, Inc., 947 N.W.2d 492, 504 (Neb. 2020) (noting that premises liability cases include "those concerning the failure to protect lawful entrants from a dangerous condition on the land"); Semler v. Sears, Roebuck & Co., 689 N.W.2d 327, 333-34 (Neb. 2004) (describing premises liability as "concerned with either a condition on the land or the use of the land by a possessor" (citations omitted)). Though "[n]ot every negligence action involving an injury suffered on someone's land is properly considered a premises liability case," this action is because it concerns "a condition on the land" *owned by Panera*. See Hodson, 860 N.W. 2d at 174-75 (declining to characterize a negligence claim as a premises liability claim when the defendants "were not owners or occupants of" the premises where the plaintiff was injured).

Mehner's arguments that he effectively established a premises liability claim are equally meritless. Under Nebraska law, premises liability exists when:

(1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

Strahan v. McCook Hotel Grp., LLC, 10 N.W.3d 187, 193-94 (Neb. 2024). Mehner argues that the district court erred in determining his failure to establish the first element was dispositive because, per Mehner, Panera both created the condition and was on notice of it. His conclusory argument that Panera created the condition by furnishing the restaurant—unsupported by any case law—fails to account for the possibility that a third-party could have damaged the chair in the eight years that passed between Panera's furnishing of the store and the accident. See Edwards v. Hy-Vee, Inc., 883 N.W.2d 40, 44 (Neb. 2016) (noting that "to say [the premises owner or occupier] created [a] condition through the actions of a third party would expand the definition of 'created' well beyond its plain and ordinary meaning"). Nor did Panera create the condition by "inaction," as the evidence undisputedly shows that district managers walked around the store to inspect seating areas every 30 minutes, among other safety protocols. Similarly, Panera was not "on notice" of the problem merely because evidence showed a single broken chair at the same location in 2014 and other anecdotal evidence of various chair collapses elsewhere in the country. In the absence of evidence "sufficient to establish the existence of" Panera's actual or constructive knowledge of the chair's condition, Mehner's arguments fail. See Walz v. Ameriprise Fin., Inc., 779 F.3d 842, 844 (8th Cir. 2015) (citation omitted).

Finally, res ipsa loquitur does not save Mehner's claim. Generally, "the mere occurrence of an accident which causes an injury and does damage does not create a presumption of negligence or authorize an inference of negligence." Roberts v. Weber & Sons, Co., 533 N.W.2d 664, 667 (Neb. 1995). Res ipsa loquitur is an

exception to that general rule, <u>Stahlecker v. Ford Motor Co.</u>, 667 N.W.2d 244, 252 (Neb. 2003), but Mehner can only invoke the doctrine if he shows "the occurrence is one which would not, in the ordinary course of things, happen in the absence of negligence," the chair was "under the exclusive control and management" of Panera, and "there is an absence of explanation" by Panera, <u>see</u> <u>Roberts</u>, 533 N.W.2d at 667-68. Here, Mehner has failed to show the chair was under Panera's exclusive control. <u>See</u> <u>Darrah v. Bryan Mem'l Hosp.</u>, 571 N.W.2d 783, 787 (Neb. 1998) (noting that "[c]ontrol is exclusive if it is shown that there was no possibility that a third party, *not a defendant*, could have caused the injury" (citation omitted)). He further did not even attempt to demonstrate that the chair collapse was an occurrence "which would not, in the ordinary course of things, happen in the absence of negligence." <u>See</u> <u>Roberts</u>, 533 N.W.2d at 669. Because none of Mehner's arguments create a triable issue of fact, the district court did not err in granting summary judgment in favor of Panera.[4]

## III.

Mehner also challenges several of the district court's discovery rulings. These rulings include the district court's denial of his motion to defer, the magistrate judge's denial of his motion to extend progression, the issuance of a protective order to Panera, and the partial denial of Mehner's motion to compel discovery. When a magistrate judge rules on a pretrial matter such as the discovery matters at issue here, the district court "may reconsider" the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." <u>See</u> 28 U.S.C. § 636(b)(1)(A). "We review a district court's discovery rulings for abuse

---

[4]Panera argues and the district court determined that Mehner's res ipsa argument failed because even assuming Mehner could establish the elements of res ipsa loquitur, the doctrine does not help him because it only creates an inference as to *breach*, not as to *duty*. While other courts have addressed this issue, <u>see, e.g.</u>, <u>Tesoriero v. Carnival Corp.</u>, 965 F.3d 1170, 1182 (11th Cir. 2020), we see no clear case law from Nebraska addressing it. In the absence of such case law and because we can affirm on other grounds, we do not address this argument.

of discretion." Jackson v. Allstate Ins. Co., 785 F.3d 1193, 1202 (8th Cir. 2015) (citation omitted). Under this "narrow and deferential" review, we grant relief "only where the errors amount to a gross abuse of discretion resulting in fundamental unfairness." Vallejo v. Amgen, Inc., 903 F.3d 733, 742 (8th Cir. 2018) (citation omitted).

A.

First, Mehner challenges the district court's denial of his motion to defer consideration of FDS's motion for summary judgment. Under Federal Rule of Civil Procedure 56(d)(1), a court may defer considering a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." In Mehner's motion to defer, filed more than 10 days after summary judgment briefing concluded and discovery closed, he requested deferral "to allow for completion of discovery." The district court denied his motion as moot, noting that it was tardy and merely sought "a second bite at the apple in opposing summary judgment" by raising additional substantive arguments.

The district court did not abuse its discretion in denying Mehner's motion. Clearly, it was not error to reject Mehner's request to defer "to allow for completion of discovery" since discovery had already been completed. See Chambers v. Travelers Cos., Inc., 668 F.3d 559, 568 (8th Cir. 2012) (affirming denial of a motion to continue that was filed "five months after discovery expired"). To the extent Mehner's motion to defer contained merits arguments, the district court properly rejected them. See Nieves-Romero v. United States, 715 F.3d 375, 381 (1st Cir. 2013) ("A party cannot have two bites at the cherry: he ordinarily cannot oppose a summary judgment motion on the merits and . . . try to save the day by belatedly invoking Rule 56(d)."). If, as Mehner suggests, inadequate discovery responses from Panera and FDS rendered him unable "to properly address another party's assertion of fact," other avenues of relief were available to him, including a timely motion to defer. See Fed. R. Civ. P. 56(d) (motions to defer); Fed. R. Civ. P. 37(a)

-11-

(motions to compel discovery); Fed. R. Civ. P. 29(b) (stipulations to extend discovery); Fed. R. Civ. P. 16(b)(4) (modifications to scheduling orders).

## B.

Mehner also appeals the magistrate judge's denial of his motion to extend progression, in which he asked the judge to reopen and reset the deadline for serving complete expert disclosures. Mehner did not appeal the magistrate judge's ruling to the district court. "[W]hen, as here, the magistrate judge is referred the case pursuant to 28 U.S.C. § 636(b), the parties may not appeal directly to this [C]ourt from an order of the magistrate judge" because, in the absence of a final judgment by the district court, "this Court lacks jurisdiction to hear the appeal." See Ervin v. Roper, 153 F. App'x 402, 403 (8th Cir. 2005) (per curiam); see also Daley v. Marriott Int'l, Inc., 415 F.3d 889, 893 n.9 (8th Cir. 2005) (noting that "when . . . a litigant could have tested a magistrate[ judge]'s ruling by bringing it before the district judge, but failed to do so within the allotted ten-day period [in Rule 72(a) ], he cannot later leapfrog the trial court and appeal the ruling directly to the court of appeals" (first and third alterations in original) (citation omitted)); Fed. R. Civ. P. 72(a) (noting that a party may not assign as defect an error in a magistrate judge's order that is not timely objected to). Thus, having no jurisdiction, we decline to consider this issue.

## C.

Next, Mehner challenges the issuance of a protective order to Panera. During discovery, Panera sought a protective order absolving it from providing any further response to Mehner's Request for Production No. 13 of "any document indicating any similar incident(s) concerning the [chair], as it was used in the normal course of business, in any Panera store or café, since June 1, 2009." Initially, the request was even broader, but the magistrate judge narrowed its scope following a hearing on discovery. Panera asserted Request for Production No. 13 was unduly burdensome and disproportionate to the needs of the case, as it would require 400 working hours and additional time interviewing employees. The magistrate judge agreed with

Panera, noting that the substantial efforts required to produce the information were not proportionate to the needs of the case, particularly since Mehner had failed to disclose any expert testimony or affidavit establishing medical bills, last earnings, or other damages.

We conclude the district court properly held that the magistrate judge's order was not "clearly erroneous or contrary to law" and thus that the district court did not abuse its discretion in affirming the ruling. See 28 U.S.C. § 636(b)(1)(A). The federal rules limit the scope of discovery to that which is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The relevant factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," id., are "to be applied in a common sense, and practical manner," Vallejo, 903 F.3d at 744 (citation omitted). The magistrate judge did exactly that. First, she limited the scope of the initial request by defining "similar incidents" and excluding unrelated franchise-owned restaurants from the search. Later, she determined that Panera had produced extensive evidence—including details of the 400-plus working hours that would have been required to gather the information—showing that gathering the information was highly burdensome, and Mehner had produced no evidence of damages or "admissible evidence to support his claim." Thus, the district court did not err in affirming the magistrate judge's decision to grant Panera a protective order, as "the burden or expense of [Mehner's] proposed discovery outweigh[ed] its likely benefit." See Fed. R. Civ. P. 26(b)(1); see also 28 U.S.C. § 636(b)(1)(A) (noting that a district court may reconsider a magistrate judge's discovery determination only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

D.

Mehner additionally appeals the magistrate judge's denial of portions of his motion to compel discovery and the district court's order overruling Mehner's objections to the magistrate judge's order. Specifically, he complains about the handling of Request for Production Nos. 3, 12, and 13, and Interrogatories Nos. 9 and 10. The magistrate judge denied the motion to compel as to all requests relevant to this appeal except for Request for Production No. 13. The district court overruled in full Mehner's objections to the magistrate judge's ruling.

None of Mehner's conclusory claims here are meritorious. In response to Request for Production No. 3, which sought "each and every document, picture[], video, other visual or electronic representation, or any other thing that in any way reflects, supports, contradicts, or relates [to] your claims, defenses, or denial of any of the allegations," Panera provided screenshots showing no surveillance camera was positioned to capture Mehner's incident. Mehner claimed he needed Panera's other video footage to show both "the startled reactions" to the "loud noise" that occurred and that Panera threw away the chair, spoliating evidence. The magistrate judge rejected both arguments, noting that, because it was undisputed that the chair broke and that Panera threw away the chair, Mehner's request was disproportionate, irrelevant, and cumulative. As to Request No. 12, the magistrate judge determined "Panera had fully responded" to this request. The magistrate judge *granted* Mehner's motion regarding Request No. 13, which was discussed above. And as to Interrogatories Nos. 9-10, which sought information regarding similar historical incidents, the magistrate judge denied Mehner's motion as duplicative of Request for Production No. 13, in which the judge had required Panera to produce additional information. Mehner has articulated, and we have found, no reason to reconsider the district court's order overruling Mehner's objections to the magistrate judge's order. In the absence of any showing of abuse of discretion, we decline to reverse.

E.

Finally, Mehner makes a myriad of other discovery-related arguments. Without any argument or meaningful analysis, he claims the magistrate judge erred in denying his motion to stay and motion for leave to file a corrected brief. He similarly puts forth no argument for his contention that the magistrate judge erred in setting a deadline for completion of discovery. And in other discovery-related arguments, he complains about Panera's behavior without pointing to any adverse order which he has appealed. In the absence of a final order or other jurisdictional grant, we cannot grant Mehner relief. See, e.g., 28 U.S.C. § 1291; see also Ervin, 153 F. App'x at 403. And in the absence of any meaningful argument in support of these claims, we decline to consider them. See Gillpatrick v. Frakes, 997 F.3d 1258, 1259 (8th Cir. 2021) (noting that failure to provide meaningful explanation and to cite relevant authority normally waives an argument); Garcia v. Lynch, 655 F. App'x 511, 513 (8th Cir. 2016) (per curiam) (declining to consider an issue that had not been meaningfully briefed).

IV.

Mehner also challenges the ruling rejecting his motion to sanction Panera for discarding the collapsed chair, the handwritten incident report, and any surveillance video. The magistrate's judge's order, affirmed by the district court, declined to impose sanctions because there was no evidence the chair, report, or video were "destroyed . . . with an intent to hide the truth" or that Mehner was prejudiced by their unavailability. Mehner disputes these findings, arguing that there was culpability because the Mehners had requested the chair be preserved and that prejudice was apparent by the nature of the evidence destroyed. We review sanctions rulings for abuse of discretion. Vallejo, 903 F.3d at 742.

Sanctions for spoliation of evidence require "a finding of intentional destruction indicating a desire to suppress the truth." Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1035 (8th Cir. 2007) (citation omitted). Because intent is

-15-

"rarely . . . proved by direct evidence," magistrate judges and district courts have "substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." See Morris v. Union Pac. R.R., 373 F.3d 896, 901 (8th Cir. 2004); see also 28 U.S.C. § 636(b)(1). Witness testimony was significant to this ruling; at an evidentiary hearing, Mehner testified that he remembers asking McDonald to preserve the chair and surveillance video and that he made a note on the incident form saying the same, but he also testified he was "in such severe pain that he could not complete the form himself," "blurry-eyed," unable to concentrate on writing, incapable of focusing due to severe pain, and could not recall whether he signed the incident form. The magistrate judge declined to credit this testimony, noting it seemed unlikely "that despite being in severe, unrelenting, and nauseating pain, [Mehner] sat in the restaurant waiting for a copy of his incident report rather than promptly seeking medical care." The magistrate judge determined that "[w]hile Panera's corporate office may have wanted the chair retained," there was no evidence "that any Panera employee . . . destroyed the broken chair, the handwritten incident report, or any surveillance video with an intent to hide the truth." Mehner reiterates his claims that he and his wife both instructed Panera to preserve the evidence, but he has not shown how the magistrate judge based her ruling "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." See Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1005-06 (8th Cir. 2006) (citation omitted); see also 28 U.S.C. § 636(b)(1)(A). Nor has Mehner pointed to evidence requiring reversal of the magistrate judge's finding that Mehner was not prejudiced. See Wade, 485 F.3d at 1035 (affirming denial of sanctions when "some material was not preserved" because other evidence "identified the specific mechanical defect"). Considering the deferential nature of the abuse-of-discretion standard, see id., we decline to reverse the district court's affirmance of the magistrate judge's ruling or its determination that the magistrate judge's order was not clearly erroneous or contrary to law.

V.

Finally, Mehner challenges the district court's denial of his motion to revise, alter, or amend the judgment or for relief from judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Mehner's three-line argument on this point of error only notes that it was "made out of an abundance of caution" and is "essentially identical" to the arguments raised elsewhere. While we typically review motions under Rules 59(e) and 60(b) for abuse of discretion, see Peterson v. Travelers Indem. Co., 867 F.3d 992, 997 (8th Cir. 2017), in the absence of any meaningful argument, we decline to consider this claim, see Gillpatrick, 997 F.3d at 1259.

VI.

For the reasons stated above, we affirm the judgment of the district court in full.

_____